

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| CARENZO PITTMAN | ) | No. ED103324 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | Honorable Elizabeth B. Hogan |
| | ) | |
| Respondent. | ) | Filed: May 17, 2016 |

### I. Introduction

Carenzo Pittman ("Movant") appeals from the judgment of the motion court denying his Rule 24.035[1] post-conviction relief motion ("Rule 24.035 motion") without an evidentiary hearing. While the record is unclear as to when the complete transcript was filed, which is required to determine the timeliness of an amended motion, we find the motion court considered whether abandonment occurred under *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). Further, the motion court entered findings of fact and conclusions of law on all claims in Movant's *pro se* motion and amended motion, making remand unnecessary. *See Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). Thus, we affirm the motion court's judgment as its findings and conclusions are not clearly erroneous.

---

[1] Rule reference is to Missouri Supreme Court Rules (2015).

1

Movant pleaded guilty to one count of robbery in the first degree, in violation of Section 569.020, RSMo (2000).[2] Movant asserts two points on appeal. In Point I, Movant claims the motion court erred in denying his claim that counsel was ineffective for advising him that if he entered a plea of guilty, the court would only sentence him to ten years' imprisonment. In Point II, Movant claims the motion court erred in denying his claim that counsel was ineffective for failing to correct the sentencing court's recitation of the facts because the sentencing court incorrectly recalled the facts that Movant pleaded guilty to at his guilty plea hearing. We find the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

## II. Factual and Procedural Background

Movant pleaded guilty to one count of robbery in the first degree. During the plea hearing, Movant acknowledged he understood that by pleading guilty he was giving up his right to a jury trial. Movant stated no one made any threats or promises to him in exchange for the guilty plea. Movant acknowledged he was pleading guilty of his own free will with a full understanding of the charges and consequences of the guilty plea. The State recited the factual basis for the plea as: Movant and Defendant Walter Bell forcibly stole a purse in the possession of Jaroslawa Williams, an eighty-five-year-old woman, and in the course thereof caused serious injury to Ms. Williams. During the incident, Movant put Ms. Williams in a chokehold, and Ms. Williams fell down the steps as she struggled for her purse. Ms. Williams suffered fractures to her facial bones, a separated shoulder, and several other injuries, which have left her homebound. Movant acknowledged the acts set out by the State as true.

The plea court informed Movant that his range of punishment for the crime was anywhere from a minimum of ten years to thirty years or life imprisonment. Movant acknowledged he understood. The plea court informed Movant that the State was recommending

---

[2] All further statutory references are to RSMo 2000 as supplemented, unless otherwise indicated.

a sentence of seventeen years' imprisonment. Movant acknowledged he understood. Movant also informed the court that plea counsel told him that the State was recommending a sentence of seventeen years' imprisonment. Movant further acknowledged that: he reviewed the police report with plea counsel; he discussed with plea counsel whether to go to trial or plead guilty; plea counsel complied with all of his requests; and he was satisfied with plea counsel's services. The plea court accepted Movant's guilty plea, finding it to have been made voluntarily and intelligently.

During the sentencing hearing, Movant's aunt, Kesha Pittman, asked to address the court on Movant's behalf. The court told Movant's aunt that he pleaded guilty to "choking and repeatedly striking the victim to the extent that then [sic] she nearly died and was in intensive care." Movant again reiterated that he had no complaints concerning counsel's representation. Movant further acknowledged that his attorney explained the range of punishment for the crime was ten to thirty years' imprisonment. The court found that "there is no probable cause to find ineffective assistance in this case." The court then sentenced Movant to seventeen years' imprisonment in the Missouri Department of Corrections.

On March 14, 2014, Movant timely filed a *pro se* Rule 24.035 motion. On September 5, 2014, counsel entered her appearance and requested an additional thirty days to file an amended Rule 24.035 motion. The court granted counsel's request for additional time. A September 29, 2014 docket entry for the trial court states, "The above-referenced case[3] was heard on November 18, 2013 and January 24, 2014 and has been transcribed and is now maintained by: [the St. Louis City court reporter]."[4] It is unclear from the record when the complete transcript was filed in the trial court.

---

[3] Case number 1322-CR01502.

[4] The plea hearing took place on November 18, 2013, and the sentencing hearing took place on January 24, 2014.

On June 10, 2015, counsel filed an amended Rule 24.035 motion. On July 8, 2015, the motion court entered its findings of fact, conclusions of law, and order, finding Movant timely filed the amended motion and denying Movant's motion without an evidentiary hearing. Movant appeals.

### III. Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings of fact and conclusions of law are deemed clearly erroneous only if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008). "A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling." *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

To succeed in a post-conviction claim for ineffective assistance of counsel, Movant must demonstrate by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced him. *Smith v. State*, 370 S.W.3d 883, 885 (Mo. banc 2012); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, Movant must "overcome a strong presumption that counsel's conduct was reasonable and effective" by pointing to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zinc v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009) (internal citation omitted). To satisfy the second prong,

4

Movant must prove that, "absent the claimed errors, there is a reasonable probability that the outcome would have been different." *Id.*

To show he is entitled to an evidentiary hearing on his Rule 24.035 motion, Movant must demonstrate that (1) his motion alleged facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the allegations resulted in prejudice. *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo. banc 2002). By pleading guilty, a movant waives "any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). If an examination of the guilty plea proceedings directly refutes a movant's claim that his plea was involuntary, then the movant is not entitled to an evidentiary hearing. *Guynes v. State*, 191 S.W.3d 80, 83 (Mo. App. E.D. 2006); *see also* Rule 24.035(h).

### IV. Discussion

### A. Abandonment

Before this Court can review the merits of the appeal, we must first determine whether we are required to remand this case to the motion court for an independent abandonment inquiry. When post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 24.035(g) can constitute abandonment of the Movant. *See Moore*, 458 S.W.3d at 825 (Mo. banc 2015); *Price v. State*, 422 S.W.3d 292, 298 (Mo. banc 2014). Rule 24.035(g) provides that an amended motion shall be filed within sixty days of the earlier of:

> (1) The date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) *the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.*

5

Rule 24.035(g) (emphasis added). The rule further provides, "The court may extend the time for filing the amended motion for one additional period not to exceed thirty days." *Id.*

When counsel files an untimely motion, the motion court has a duty to conduct an independent inquiry to determine whether abandonment occurred. *Moore*, 458 U.S. at 825. If the motion court finds Movant has not been abandoned, the court should not permit the filing of the amended motion and should adjudicate Movant's initial *pro se* motion. *Id.* If the motion court finds Movant was abandoned by counsel, the court must permit the untimely filing. *Id.* However, when an independent abandonment inquiry is required but is not conducted, we must remand the case because "the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826.

Here, counsel's entry of appearance was filed on September 5, 2014. It is unclear from the record, however, the date that the complete transcript was filed as required under Rule 24.035(g). The only reference to the transcript in the record is a docket entry for September 29, 2014, which states, "The above-referenced case was heard on November 18, 2013 and January 24, 2014 and has been transcribed and is now maintained by: [the St. Louis City court reporter]." We cannot ascertain from this docket entry whether the transcript was actually filed with the court on September 29, 2014. Further, there is no file stamp date on the certified copy of the original transcript in the record on appeal.

Under these circumstances, the motion court is required to make an independent inquiry into whether Movant was abandoned by counsel. *See Moore*, 458 U.S. at 825. After reviewing the motion court's findings of fact, conclusions of law, and order, we find the motion court considered the abandonment. The motion court wrote:

> Movant has timely filed a motion pursuant to Rule 24.035. Counsel entered her appearance on behalf of movant on September 5, 2014. *The transcript of movant's guilty plea and sentencing was not filed with the Court and lodged in the court file*, and counsel filed an amended motion on June 10, 2015.

6

In a footnote, the motion court further noted:

> Rule 24.035(g) provides that the time limit for filing an amended motion is triggered by the date both a complete transcript has been filed in the court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. This Court finds that the amended motion in this case was timely filed.

The record supports an inference that the motion court reached an independent abandonment inquiry as required under *Moore* and determined that because the complete transcript was never filed, the time to file the amended motion had yet to begin. Thus, we find the motion court properly determined that the amended motion was timely filed.

Even if we find the motion court did not conduct an independent abandonment inquiry, remand would be unnecessary because the motion court adjudicated all claims in Movant's *pro se* motion and amended motion. *See Childers*, 462 S.W.3d at 828; *Mann v. State*, 475 S.W.3d 208, 211-12 (Mo. App. E.D. 2015). The abandonment inquiry resolves the issue of which claim should be adjudicated, the claims raised in *pro se* motion or the amended motion. *Childers*, 462 S.W.3d at 828. In *Childers*, this Court found movant's amended motion was untimely filed but proceeded to the merits of the case because the motion court entered its judgment, making written findings of fact and conclusions of law on each of the claims in movant's *pro se* motion and amended motion. *Id.* This Court found that "in situations where *all* of the claims in both the *pro se* and amended motion have been adjudicated with written findings of fact and conclusions of law, remand would be pointless." *Id.* (emphasis in original).

Here, like *Childers*, we find the motion court adjudicated all of the claims in Movant's *pro se* motion and amended motion. In its findings of fact and conclusions of law, the motion court addressed both claims of ineffective assistance of counsel in Movant's amended motion, finding the claims were without merit and denying an evidentiary hearing. The motion court also

reviewed each claim in Movant's *pro se* motion, and made express written findings and conclusions that those claims too were without merit. Thus, we find that remand would be pointless and proceed to review the merits of Movant's appeal.

## B. Point I

In his first point on appeal, Movant argues the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged facts, not refuted by the record, which would entitle him to relief on his claim that plea counsel was ineffective for advising him that if he entered a plea of guilty, the court would sentence him to ten years' imprisonment.

In his motion, Movant alleged that he wanted to proceed to trial, but plea counsel told him he could be sentenced to a maximum of thirty years or life imprisonment. Movant alleged that plea counsel told him that if he entered a plea of guilty, the court would only sentence him to ten years' imprisonment. Movant alleged that he was prejudiced by plea counsel's advice because had he known the court would sentence him to seventeen years' imprisonment, he would not have pleaded guilty but would have insisted on going to trial. We disagree.

We find Movant fails to establish his guilty plea was involuntary because the claim is directly refuted by the record of the guilty plea proceeding and the sentencing proceeding. A movant's claim that counsel misled him as to his sentence is unsupported by the record when movant affirmatively states at the plea hearing that he is fully aware of the consequences of his plea. *See Cain v. State*, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993). "Receiving a longer sentence than hoped does not render a plea involuntary." *Id.* The record of the plea proceeding reflects that both plea counsel and the plea court specifically informed Movant of the range of punishment. The following colloquy occurred at the plea hearing:

> **COURT:** Do understand you [sic] are charged with a Class A felony in this case?
> **MOVANT:** Yes, ma'am.

**COURT:** What is your understanding of the range of punishment for a Class A felony?
**MOVANT:** What I think to be my punishment?
**COURT:** Not what you think your time should be, what the law says your time should be, what the range is?
**MOVANT:** Thirty to life.
**COURT:** Anywhere from 10 years in the Missouri Department of Corrections at a minimum up to 30 years or life imprisonment. Do you understand that?
**MOVANT:** Yes, ma'am.
**COURT:** The State is recommending you spend 17 years in the Missouri Department of Corrections. You understand that?
**MOVANT:** Yes, ma'am.
**COURT:** Because it's an open plea the Court can consider the entire range of punishment, which means anywhere from ten years suspended execution of sentence all the way up to 30 years or life in the Missouri Department of Corrections. Do you understand that?
**MOVANT:** Yes, ma'am.

Movant also informed the court that plea counsel told him the State was recommending a sentence of seventeen years. When asked whether Movant was still requesting that the court accept his guilty plea, Movant responded, "yes, ma'am." Movant acknowledged no one made any threats or promises to him in exchange for his guilty plea. Further, during the sentencing hearing, Movant reiterated that plea counsel had explained that the range of punishment was from ten to thirty years. Even after the court sentenced Movant to seventeen years' imprisonment, Movant confirmed he had no complaints with plea counsel's representation. Accordingly, we find Movant was fully aware of the consequences of his plea, and Movant's claim that plea counsel was ineffective is without merit. Therefore, the motion court did not clearly err in denying Movant's claim. Point I is denied.

### C. Point II

In his second point on appeal, Movant argues the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged facts, not refuted by the record, which would entitle him to relief on his claim that plea counsel was ineffective for failing to

correct the sentencing court's recitation of the facts because the court incorrectly recalled the facts that Movant pleaded guilty to at his guilty plea hearing.

In his motion, Movant alleged that at the sentencing proceeding, his aunt asked to address the court. The court told Movant's aunt that her nephew pleaded guilty to "choking and repeatedly striking the victim to the extent that then [sic] she nearly died and was in intensive care." Movant alleged that he did not plead guilty to these facts at the guilty plea hearing. At the guilty plea hearing, Movant pleaded guilty to putting Ms. Williams in a chokehold, and, during the course of the struggle, she fell down the steps. Movant alleged that he was prejudiced by counsel's failure because had counsel corrected the court regarding the recitation of the facts, the court would not have had grounds to sentence him to seventeen years' imprisonment. We disagree.

During sentencing, the court must consider the nature and circumstances of the offense, and the history and character of the defendant in order to render an appropriate sentencing judgement. Section 557.036 RSMo. This provision "imposes upon the courts of this state the duty to undertake a case by case, defendant by defendant evaluation in order to fashion an appropriate punishment 'which not only fits the crime but which also fits the criminal.'" *State v. Brewster*, 836 S.W.2d 9, 15 (Mo. App. E.D. 1992) (citing *Thurston v. State*, 791 S.W.2d 893, 897 (Mo. App. E.D. 1990)).

Here, the sentencing court based its decision on the nature of the crime, including the undisputed seriousness of the injuries the victim suffered. The court also looked to the history and character of the defendant, stating:

> [Y]ou had just gotten out for the exact same conduct. In addition, you were the initial aggressor. And you not only destroyed the victim's life, you also destroyed your supposed friend's life by picking another person who was susceptible to

10

doing what you told him to do and now he's going to the penitentiary for ten years.

Further, the court relied on the sentencing assessment report and the State's sentencing recommendation to reach its decision. Thus, we find the court did have grounds to sentence Movant to seventeen years' imprisonment, and Movant's claim that he was prejudiced is without merit. Accordingly, the motion court did not clearly err in denying Movant's claim. Point II is denied.

## V. Conclusion

Finding no error, we affirm the motion court's order denying Movant's Rule 24.035 post-conviction relief motion without an evidentiary hearing.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., Concurs.

11