In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO
MORTEZ CLEAVES, ) No. ED109120
 )
 Movant/Appellant, )
 ) Appeal from the Circuit Court
 ) of Cape Girardeau County
 vs. ) Cause No. 19CG-CC00004
 )
STATE OF MISSOURI, ) Honorable Gary A. Kamp
 )
 Defendant/Respondent. ) Filed: July 20, 2021

 OPINION

 Introduction

 Movant and Appellant Mortez Cleaves appeals the motion court judgment denying his

amended Rule 24.035 motion without an evidentiary hearing. Movant raises two points. In Point

I, Movant argues that the motion court failed to conduct an independent inquiry to address

whether Movant was abandoned by counsel and make the required factual determination

involving his motion counsel’s failure to timely file an amended motion. In Point II, Movant

claims the motion court erred when failing to provide him an evidentiary hearing to explore trial

counsel’s failure to depose a witness critical to his defense.

 Since neither the state’s attorney nor Movant’s counsel alerted the motion court about the

possible abandonment issue, the motion court did not make a record and inquire on that topic.

We agree that an absence of a record addressing the abandonment issue requires reversal under

 1
existing Missouri law so we do not address Point II. Accordingly, we reluctantly remand this

matter to the motion court for an opportunity to create a record on the abandonment issue.

 Factual and Procedural History

 On August 31, 2018, Movant pleaded guilty to one count of murder second degree. In

exchange for Movant pleading guilty, the state dismissed count two, armed criminal action. The

state advised Movant that it would argue for a 20-year term in the department of corrections but

consented to Movant requesting a lesser term of incarceration at the subsequent sentencing. On

October 1, 2018, the trial court sentenced Movant to 20 years in the department of corrections

after considering the arguments of counsel.

 On January 4, 2019, Movant filed his 24.035 motion pro se expressing dissatisfaction

with trial counsel. On January 8, 2019, the motion court appointed the state public defender to

represent movant on the motion for post-conviction relief. On May 7, 2019, counsel entered on

Movant’s behalf and filed a motion requesting an additional 30 days to file an amended motion.

On that same day, the court granted the motion for additional time. On May 15, 2019, the court

reporter filed the transcript involving the guilty plea and sentencing. Pursuant to rule, the

amended motion prepared by post-conviction counsel was due August 13, 2019. Rule 24.035(g).

 On November 22, 2019, Movant’s attorney filed an “Amended Motion to Vacate or

Correct Judgment and Sentence and Request for Evidentiary Hearing” as well as a “Motion for

Court to Consider Movant’s Amended Motion as Timely Filed Under Sanders v. State, 807

S.W.2d 493 (Mo. Banc. 1991)” and an accompanying affidavit in which Movant’s attorney

acknowledges that Movant’s motion was filed more than three months beyond the deadline.

Subsequently, the state filed a Motion to Dismiss that was called, heard and argued on the record

on June 29, 2020.

 2
 At the June 29 hearing, both counsel focused on the respective Motion to Dismiss and the

Amended Motion to Vacate, Amend or Set Aside the Plea, but did not address the abandonment

issue triggered by the untimely filing. When referring to Movant’s requested relief on the record,

the state’s attorney specifically stated: “It was timely filed, I believe.” In response, post-

conviction counsel did not correct the state’s attorney, did not request a ruling on the timeliness

of Movant’s motion pursuant to Sanders but, rather, focused on his claims criticizing the trial

attorney for allegedly misrepresenting the sentencing terms of the plea agreement and failing to

depose a witness.

 On June 30, 2020, the motion court overruled Movant’s “Motion to Vacate, Amend or

Set Aside the Plea or Sentence and Request for Evidentiary Hearing,” specifically addressing

Movant’s claims about the alleged plea misrepresentation and his trial attorney’s alleged failure

to conduct the deposition and finding that there were not any genuine issues of fact that would

warrant a hearing. However, the motion court did not rule on Movant’s “Motion for Court to

Consider Movant’s Amended Motion as Timely Filed Under Sanders v. State, 807 S.W.2d 493

(Mo. Banc. 1991).”

 Standard of Review

 When considering a Rule 24.035 judgment, our review is restricted to determining

“whether the motion court’s finding of fact and conclusions of law are clearly erroneous.”

Stanley v. State, 420 S.W.3d 532, 539 (Mo. banc 2014), citing Rule 24.035(k) and Cooper v.

State, 356 S.W.3d 148, 152 (Mo. banc 2011). After reviewing the record, the motion court’s

findings and conclusions are clearly erroneous if there is a “definite and firm impression that a

mistake has been made.” Cooper, 356 S.W.3d at 152.

 3
 Discussion

 We solely address the first point of Movant’s appeal to determine if this matter must be

remanded to the motion court to address the abandonment issue. Based on our understanding of

the current case law, we believe that it does. Movant contends that the motion court failed to

conduct an independent inquiry and make the required factual determination regarding the

abandonment issue. The state agrees with Movant and notifies this court that it must reverse the

motion court’s judgment.

 An amended motion to vacate, set aside or amend a judgment “shall be filed within 60

days of the earlier of the date both a complete transcript of the guilty plea and sentencing hearing

has been filed and counsel is appointed . . ..” Rule 24.035(g). The motion court cannot extend

the time period for counsel filing an amended motion. Stanley, 420 S.W.3d at 541.

 An abandonment issue surfaces when appointed counsel files an amended motion beyond

the Rule 24.035(g) deadline. Pittman v. State, 504 S.W.3d 76, 80 (Mo. App. E.D. 2016); Price v.

State, 422 S.W.3d 292, 298 (Mo. banc 2014); Moore v. State, 458 S.W.3d 822, 825 (Mo. banc

2015). When appointed counsel files an amended motion beyond the rule’s deadline, it is

presumed that counsel abandoned Movant and the motion court is obligated to conduct an

independent inquiry to make factual determinations regarding the abandonment issue. Pittman,

504 S.W.3d at 80 (citing Moore, 458 S.W.3d at 825). Even a restrained reading of recent case

law requires that when post-conviction counsel fails to file an amended motion within the rule

requirements, the motion court must create a record and initiate an independent inquiry and

determine if counsel abandoned Movant. See, e.g., Pittman, 504 S.W.3d at 80; Moore, 458

S.W.3d at 825-26; Showalter v. State, 607 S.W.3d 804, 806 (Mo. App. E.D. 2020); Lampkin v.

 4
State, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018); Brown v. State, 602 S.W.3d 846, 849-50 (Mo.

App. E.D. 2020).

 “If the motion court finds Movant has not been abandoned, the court should not permit

the filing of the amended motion and should adjudicate movant’s initial pro se motion.” Pittman,

504 S.W.3d at 80 (citing Moore, 458 S.W.3d at 825). “If the motion court finds Movant was

abandoned by counsel, the court must permit the untimely” amended motion filed by counsel. Id.

The Supreme Court of Missouri has further held that an appellate court must remand the case

when an abandonment inquiry is necessary, but was not conducted, because “the motion court is

the appropriate forum” for that inquiry. Id. at 826.

 Post-conviction counsel entered on May 7, 2019 and requested an additional 30 days to

prepare an amended motion. The motion court promptly granted the request for additional time.

Since the court reporter filed the transcript involving the guilty plea and sentencing on May 15,

2019, Movant’s attorney was obligated to file the amended motion no later than August 13,

2019, pursuant to rule. Rule 24.035(g). However, Movant’s attorney did not file the amended

motion until November 22, 2019, a significant time after the deadline and clearly offending the

time standards. Id. Movant’s attorney attended the June 29 argument and had the opportunity to

remind the court about the imperative inquiry but chose to do otherwise. When addressing the

court, counsel failed to correct the state about the timeliness of the amended motion, did not ask

for a ruling on the previously filed Sanders motion and declined to request the court conduct an

abandonment inquiry. As a result of the untimely filing, the motion court was obliged to conduct

an abandonment inquiry on the record. Pittman, 504 S.W.3d at 80.

 Despite the diligent motion court’s careful consideration of the merits of Movant’s

amended motion, the existing record does not indicate if the court inquired and made factual

 5
determinations about post-conviction counsel abandoning Movant’s claims and the cause for the

belated filing. While post-conviction counsel filed an affidavit indicating that Movant was not at

fault for the untimely filing, it would be error for this court to assume that the motion court ruled

on the abandonment issue without a record reflecting the motion court findings following an

independent inquiry. Brown, 602 S.W.3d at 849. Informed by existing Missouri case law’s

consistent, prevalent and well-defined precedent dictating the procedure for abandonment

matters, we are required to reverse and remand.

 Missouri law on this topic, while well-defined and consistent, has also been criticized as

potentially wasteful of judicial resources. Moore, 458 S.W.3d at 827-31 (Wilson, J., dissenting);

Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015); Bustamante v. State, 478 S.W.3d

431, 435 n.2 (Mo. App. W.D. 2015). This case illustrates that wastefulness. The circumstances

requiring remand here were the creation of Movant and his appointed post-conviction counsel.

After Movant initially filed his pro se motion pursuant to Rule 24.035, his counsel filed a much-

belated, untimely amended motion. Counsel compounded that failure by failing to alert the

circuit court to the timeliness issue during the June 29 hearing. As a result, the trial court will

now be required to conduct an evidentiary hearing that would not otherwise have been needed,

consuming scarce judicial resources. And the ultimate object of that required evidentiary hearing

will be merely to determine which version of Movant’s Rule 24.035 motion (pro se or counsel’s

amended motion) the court will consider. But the motion court has already carefully considered

the substance of the Rule 24.035 motion and wrote a thoughtful opinion rejecting it. As Judge

Fischer aptly observed in Moore, “[i]t may be that after remand . . . the motion court would again

overrule the amended motion without an evidentiary hearing.” Moore, 458 S.W.3d at 827

(concurring).

 6