

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| SHATONDI RICE, | ) | No. ED103057 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1422-CC00500 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Timothy J. Wilson |
| | ) | |
| Respondent. | ) | FILED: February 16, 2016 |

### OPINION

Shatondi Rice (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Rule 24.035 (post-conviction motion). We reverse and remand.

### Factual and Procedural Background

On September 30, 2013, Movant pled guilty to one count each of second-degree murder and armed criminal action. The trial court sentenced Movant, based on the plea agreement, to life on the second-degree murder charge and to a concurrent life sentence on the armed criminal action charge.

On February 26, 2014, Movant filed his timely *pro se* post-conviction motion challenging his convictions and sentences. The transcript was apparently filed on May 20, 2014. Counsel was appointed on March 5, 2014 and made an entry of appearance on June 4, 2014. Appointed counsel filed an amended motion on September 2, 2014. On October 1, 2014, the motion court

issued its Findings of Fact, Conclusions of Law, and Order denying Movant's post-conviction motion without an evidentiary hearing, concluding that Movant's guilty pleas were voluntarily made. This appeal follows.

Discussion

On appeal, Movant challenges the motion court's denial of his post-conviction motion without an evidentiary hearing, asserting he was denied his rights to effective assistance of counsel and due process of law in that plea counsel failed to advise him that the jury could have been instructed on the lesser included offense of involuntary manslaughter.

Before proceeding to the merits of Movant's appeal, we are compelled under Moore v. State, 458 S.W.3d 822 (Mo. banc 2015), to examine the timeliness of the amended post-conviction motion. Appointed counsel's untimely filing of an amended post-conviction motion can constitute "abandonment," which extends the time limitations for filing an amended post-conviction motion. Moore, 458 S.W.3d at 825. If the amended motion was untimely filed and there has been no independent inquiry into abandonment, the cause must be remanded to the motion court for such inquiry. Id. at 825-26. It is our duty to enforce the mandatory timelines in the post-conviction rules, but "the motion court is the appropriate forum to conduct such an inquiry" into abandonment. Id.

If the motion court determines that a movant has not been abandoned, the court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. Moore, 458 S.W.3d at 825. If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of the amended motion, the court is directed to permit the untimely filing. Id. at 826.

2

Rule 24.035, governing post-conviction motions after a plea of guilty, provides that when, as here, no appeal of a judgment sought to be vacated, set aside, or corrected is taken, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 24.035(g). The motion court may extend the time for filing the amended motion for an additional 30 days. Rule 24.035(g).

In this case, the transcript appears to have been filed on May 20, 2014, and counsel was appointed on March 5, 2014. Accordingly, the amended motion was due on or before July 19, 2014, and counsel's filing of the motion on September 2, 2014 was untimely.

The motion court's judgment is reversed, and the cause remanded to the motion court to conduct an independent inquiry to determine if Movant was abandoned by appointed counsel.

### Conclusion

The motion court's judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

_____
Mary K. Hoff, Judge

Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.

3