VICTOR C. HOWARD, JUDGE
*874 Walter Staten appeals from the judgment of the motion court denying his Rule 24.035 motion for postconviction relief following an evidentiary hearing. The record suggests that Staten's amended motion for postconviction relief was untimely filed. Because the motion court did not make an independent inquiry into whether Staten was abandoned by postconviction counsel as a result of the untimely filing, this court reverses the motion court's judgment and remands the case for determination of whether Staten was abandoned by postconviction counsel.
Background
Staten was charged by indictment in Pettis County with the class A felony of second-degree murder, armed criminal action, and felon in possession of a firearm. Following a change in venue to Cooper County and pursuant to a plea agreement, Staten pleaded guilty to a reduced charge of first-degree involuntary manslaughter and armed criminal action. The charge of felon in possession of a firearm was dismissed. Staten was sentenced to consecutive terms of imprisonment of fifteen years for manslaughter and twenty-five years for armed criminal action.
Thereafter, Staten filed a timely pro se Rule 24.035 motion requesting that his guilty plea be set aside. The State filed an answer, motion for judgment on the pleadings, and confession of judgment conceding Staten's motion for postconviction relief. The motion court subsequently entered a judgment sustaining Staten's Rule 24.035 motion and setting aside his guilty plea and sentences.
Thereafter, the State filed a first amended information restoring the original charges against Staten-second-degree murder, armed criminal action, and felon in possession of a firearm. The State charged Staten with "causing the death of William D. Saunders by shooting him." It further alleged that Staten was a prior and persistent offender in that he had two prior felony convictions for second-degree assault and one for unlawful use of a weapon.
Staten entered open pleas of guilty to the second-degree murder and armed criminal action charges, and the felon in possession of a firearm charge was again dismissed. The court sentenced Staten to concurrent sentences of life imprisonment for second-degree murder and thirty years for armed criminal action.
Staten filed a timely pro se Rule 24.035 challenging his second plea and sentences. Postconviction counsel was appointed, and he entered his appearance and filed a motion for extension of time to file an amended motion on July 8, 2014. The transcript from Staten's guilty plea and sentencing proceedings was filed August 1, 2014. Postconviction counsel filed an amended motion on October 29, 2014. The amended motion raised four claims for relief that were distinct from those raised in the pro se motion and did not incorporate any of the pro se claims. Specifically, the amended motion alleged that the plea and sentencing court was without jurisdiction, power, and/or authorization to accept Staten's guilty plea to and enter sentences for second-degree murder and armed criminal action because the prior convictions and sentences in the case had not been validly vacated. The motion further alleged ineffective assistance of counsel regarding counsel's failure to object to the judgment and sentences *875 for the same reason and on the ground that it violated Staten's right to be free of double jeopardy. Finally, the motion alleged ineffective assistance of counsel regarding counsel's assurances to Staten about the sentences he would receive.
The motion court held an evidentiary hearing. Thereafter, it entered its findings of fact, conclusions of law, and judgment denying relief. This appeal by Staten followed.
Analysis
The State does not address the merits of Staten's appeal but advises that this court must remand this matter to the motion court for determination of whether Staten was abandoned by postconviction counsel. Staten agrees with the State in his reply brief.
"When an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry ... to determine if abandonment occurred." Moore v. State , 458 S.W.3d 822, 825 (Mo. banc 2015) (internal quotes and citation omitted). "The result of the inquiry into abandonment determines which motion-the initial motion or the amended motion-the court should adjudicate." Id. at 826. "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." Id. at 825. But "[i]f the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing" and adjudicate the amended motion. Id. at 826. See also Frazee v. State , 480 S.W.3d 442, 445 (Mo. App. W.D. 2016).
Rule 24.035(g)(2014) provides, in relevant part, that where, as here, no direct appeal of the judgment is taken,
the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
The Rule further provides, "The court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Rule 24.035(g).
In this case, postconviction counsel was appointed, and he entered his appearance and filed a motion for extension of time to file an amended motion on July 8, 2014. The guilty plea and sentencing proceedings transcript was filed August 1, 2014. The amended motion was filed on October 29, 2014. Accordingly, if postconviction counsel's request for an extension was granted by the motion court, the amended motion would have been due within ninety days of August 1, 2014 (the date the complete transcript was filed). The October 29 filing of the amended motion, therefore, would have been timely. However, without the grant of an extension of time, the amended motion would have been due within sixty days of August 1, 2014, making the October 29 filing untimely.
The record in this case does not reflect that the motion court granted counsel's request for an extension of time to file the amended motion. It does not contain an order granting the request or a docket entry indicating that the court ruled on the request. Instead, the docket shows an entry on August 1, 2014, when the transcript was filed. The next docket entry is dated October 29, 2014, when the amended motion was filed. Further, although the motion court considered the amended motion *876 on the merits, its judgment contained no explicit reference to an extension of time or the timeliness of the amended motion.
While the motion court may have intended to grant postconviction counsel's request of additional time, the record provides no indication that it did. "Although motions for extensions of time are routinely and almost always automatically granted if requested, extensions will not be presumed to have been granted without a record thereof." Frazee , 480 S.W.3d at 445. Without the permissive extension, the amended motion was untimely. Thus, pursuant to Moore , the motion court's judgment must be reversed, and the matter must be remanded for the motion court to conduct an independent inquiry into whether appointed counsel abandoned Staten.
The judgment is reversed, and the case is remanded to the motion court for an independent inquiry into whether Staten was abandoned by postconviction counsel and for further proceedings consistent with the outcome of the inquiry.
All concur.