FOR APPELLANT: Kevin B. Gau, Asst. Public Defender, Missouri State Public Defender Office, 1010 Market Street, Suite 1100, St. Louis, MO 63101.
FOR RESPONDENT: Joshua D. Hawley, Attorney General, Justin A. Moody, Asst. Atty. Gen., P.O. Box 899, Jefferson City, MO 65102.
ROBERT M. CLAYTON III, Judge *735 Amanda Lee Baker ("Movant") appeals the judgment denying her Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Because Movant's amended motion for post-conviction relief was untimely filed and the motion court made no independent inquiry into whether Movant was abandoned by post-conviction counsel, we reverse and remand the case to the motion court for such an inquiry.
I. BACKGROUND
Movant was charged with one count of the class B felony of distribution of a controlled substance relating to an incident that occurred on or about June 19, 2013. Movant appeared in court with plea counsel on February 2, 2017 to enter a guilty plea not pursuant to an agreement or based on a sentencing recommendation from the State.[2] On that date, the plea court accepted Movant's guilty plea and ordered a sentencing assessment report. The plea court subsequently sentenced Movant to fifteen years of imprisonment.
Movant timely filed a pro se Rule 24.035 motion for post-conviction relief on August 25, 2017.[3] On August 28, 2017, the motion court appointed the office of the public defender to represent Movant. Then, on October 4, 2017, an assistant public defender ("Counsel") entered his appearance on behalf of Movant and filed a request for a thirty-day extension of time to file Movant's amended motion for post-conviction relief. The parties agree there is nothing in the record indicating that the motion court ever ruled upon Counsel's request for a thirty-day extension. The transcript of Movant's guilty plea and sentencing hearing was then filed with the motion court on October 13, 2017.
Counsel filed an amended Rule 24.035 motion for post-conviction relief on January 10, 2018, alleging Movant's plea counsel was ineffective for failing to present mitigating evidence at sentencing. The motion court subsequently entered a judgment considering the merits of the claim in Movant's amended Rule 24.035 motion and denying the motion without an evidentiary hearing. Movant appeals.
II. DISCUSSION
In this case, Movant raises one point on appeal arguing the motion court clearly erred in denying her amended motion for post-conviction relief because her *736 plea counsel was ineffective for failing to present mitigating evidence at Movant's sentencing hearing.
Before considering the merits of a movant's amended motion for post-conviction relief, we are required under Moore v. State , 458 S.W.3d 822 (Mo. banc 2015) to first determine whether the amended motion was timely filed. Rice v. State , 482 S.W.3d 464, 465 (Mo. App. E.D. 2016). If we find an amended motion for post-conviction relief filed by appointed post-conviction counsel was untimely, but there has been no independent inquiry into whether movant was abandoned by post-conviction counsel, we must reverse and remand the case to the motion court for such an inquiry. Moore , 458 S.W.3d at 825-26 ; Rice , 482 S.W.3d at 465.[4] If, after making an independent inquiry into abandonment, the motion court determines the movant was not abandoned by post-conviction counsel, the court should adjudicate the movant's initial pro se motion for post-conviction relief. Staten v. State , 540 S.W.3d 873, 875 (Mo. App. W.D. 2018). If, on the other hand, the motion court concludes the movant was abandoned by post-conviction counsel's action in untimely filing the amended motion for post-conviction relief, the court must adjudicate the amended motion. Id.
Rule 24.035(g) governs the filing of an amended motion for post-conviction relief. The Rule provides that where, as in this case, a movant files a motion for post-conviction relief after a guilty plea from which no direct criminal appeal was taken and does not retain private counsel, the amended motion must be filed within sixty days of "the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and: (1) [c]ounsel is appointed[.]" Rule 24.035(g).[5] In addition, "[t]he court may extend the time for filing the amended motion for one additional period not to exceed [thirty] days." Id.
In this case, the motion court appointed the office of the public defender to represent Movant on August 28, 2017. Thereafter, the complete transcript of Movant's guilty plea and sentencing hearing was filed with the motion court on October 13, 2017, which triggered the time limits for the filing of Movant's amended motion under Rule 24.035(g). As such, Movant's amended Rule 24.035 motion for post-conviction relief was due on or before December 12, 2017 but was not filed until January 10, 2018. Although Counsel filed a request for a thirty-day extension of time pursuant to Rule 24.035(g), the parties agree there is nothing in the record indicating that the motion court ever ruled upon the request for a thirty-day extension. "[E]xtensions will not be presumed to *737 have been granted without a record thereof." Staten , 540 S.W.3d at 876. Accordingly, our Court cannot find that the sixty-day deadline of Rule 24.035(g) had been extended in this case, and without such an extension, Movant's amended motion filed on January 10, 2018 was untimely. See id. at 875-76 (similarly holding). Because Movant's amended motion was untimely filed and the motion court made no independent inquiry into whether Movant was abandoned by Counsel, we must reverse and remand the case to the motion court for such an inquiry. See Moore , 458 S.W.3d at 825-26 ; Rice , 482 S.W.3d at 465.
III. CONCLUSION
The motion court's judgment is reversed and the case is remanded to the motion court for further proceedings consistent with this opinion.
All references to Rule 24.035 are to the version of Missouri Supreme Court Rule 24.035 effective July 1, 2017, which was the version of the Rule in effect at the time Movant's pro se Rule 24.035 motion for post-conviction relief was filed on August 25, 2017.
In other words, Movant made what is referred to as an "open" or "blind" plea.
We note the record contains conflicting information as to when Movant was delivered to the custody of the department of corrections to serve the sentence that she is now challenging, which is relevant to determining whether her pro se Rule 24.035 motion was timely filed. See Rule 24.035(b) (providing that if no appeal of the judgment or sentence sought to be vacated, set aside, or corrected was taken, "the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections"). While it appears Movant's pro se motion lists this date as June 23, 2017, the amended motion says June 25, 2017. Nevertheless, we find that even calculating the deadline by which Movant's pro se motion was due from the earlier date, Movant's pro se Rule 24.035 motion was filed sixty-three days after the date she was delivered to the custody of the department of corrections, and was therefore filed within the 180-day time limit set forth in Rule 24.035(b). See id.
Our Court has acknowledged an exception to this rule applies where all of the claims in a movant's pro se motion for post-conviction relief have been incorporated into and fully adjudicated along with the amended motion for post-conviction relief. See Guerra-Hernandez v. State , 548 S.W.3d 368, 371 (Mo. App. E.D. 2018) ; Childers v. State , 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). But where, as in this case, there are significant differences between the pro se and amended motions, this exception does not apply. See id.
Alternatively, Rule 24.035(g) provides for the possibility that a post-conviction movant does not retain private counsel but the motion court does not appoint post-conviction counsel to represent him or her. Under these circumstances, the amended motion must be filed within sixty days of "the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and: ... (2) [a]n entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 24.035(g). Here, it is undisputed the motion court appointed the office of the public defender to serve as Movant's post-conviction counsel.