

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STEVEN BRUNNWORTH, | ) | No. ED107071 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 16SL-CC03383 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Kristine A. Kerr |
| | ) | |
| Respondent. | ) | Filed: September 10, 2019 |

Steven Brunnworth ("Movant") appeals the judgment denying his Rule 24.035[1] motion

for post-conviction relief following an evidentiary hearing. Because Movant's amended motion

for post-conviction relief was untimely filed and the motion court made no independent inquiry

into whether Movant was abandoned by post-conviction counsel, we reverse and remand the case

to the motion court for such an inquiry.

## I. BACKGROUND

Movant was charged with one count of the class C felony of stealing relating to an

incident that occurred in between January 4, 2015 and March 25, 2015. Movant appeared in

court with plea counsel on June 3, 2016 to enter a guilty plea pursuant to a plea agreement with

the State. On that date, the plea court accepted Movant's guilty plea and sentenced Movant in a

---

[1] Unless otherwise indicated, all references to Rules are to Missouri Supreme Court Rules (2016), which was the version of the Rules in effect at the time Movant's pro se Rule 24.035 motion for post-conviction relief was filed on September 13, 2016.

manner consistent with the State's recommendation. Specifically, the plea court: sentenced Movant to five years of imprisonment; ordered the sentence to run concurrently with a sentence Movant was serving in another case in which Movant was receiving long-term drug treatment pursuant to section 217.362 RSMo Supp. 2004;[2] and ordered long-term drug treatment pursuant to section 217.362, so Movant could continue in the program he had already started.[3]

Movant timely filed a pro se Rule 24.035 motion for post-conviction relief on September 13, 2016.[4] On September 27, 2016, an assistant public defender ("Counsel") entered his appearance on behalf of Movant. The transcript of Movant's guilty plea and sentencing hearing was then filed with the motion court on October 4, 2016. Thereafter, on October 7, 2016, the motion court appointed the office of the public defender (and by extension, Counsel) to represent Movant on October 7, 2016. Counsel subsequently filed a request for a thirty-day extension of time to file Movant's amended motion for post-conviction relief, which the motion court granted.

On February 6, 2017, Counsel filed an amended Rule 24.035 motion for post-conviction relief alleging that, *inter alia*, Movant's plea counsel was ineffective for failing to advise Movant of a viable defense. The motion court subsequently entered a judgment considering the merits of the claims in Movant's amended Rule 24.035 motion and denying the motion following an evidentiary hearing. Movant appeals.

---

[2] All references to section 217.362 RSMo are to RSMo Supp. 2004, which incorporates amendments through 2003 and is the latest version of the statute.

[3] The plea court also ordered Movant to pay restitution to the victim in the amount of $16,315.00.

[4] Movant's pro se Rule 24.035 motion was filed ninety-seven days after he was delivered to the custody of the department of corrections on June 8, 2016, and therefore, the motion was filed within the 180-day time limit set forth in Rule 24.035(b). *See* Rule 24.035(b) (providing that if no appeal of the judgment or sentence sought to be vacated, set aside, or corrected was taken, "the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections").

## II.     DISCUSSION

In this case, Movant raises one point on appeal arguing the motion court clearly erred in denying his amended motion for post-conviction relief because his plea counsel was ineffective for failing to advise Movant of a viable defense.

Before our Court can consider the merits of a movant's amended motion for post-conviction relief, we are compelled under *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015) to first determine whether the amended motion was timely filed. *Baker v. State*, 565 S.W.3d 733, 736 (Mo. App. E.D. 2018). If we find that an amended motion for post-conviction relief was untimely filed by appointed post-conviction counsel, but there has been no independent inquiry made into whether the movant was abandoned by post-conviction counsel, we must reverse and remand the case to the motion court for such an inquiry. *Moore*, 458 S.W.3d at 825-26; *Baker*, 565 S.W.3d at 736, 737.[5] If, after making an independent inquiry into abandonment, the motion court concludes the movant was not abandoned by post-conviction counsel, the court should adjudicate the movant's initial pro se post-conviction motion. *Baker*, 565 S.W.3d at 736. On the other hand, if the motion court determines the movant was abandoned by post-conviction counsel's untimely filing of the amended post-conviction motion, the court must adjudicate the amended post-conviction motion. *Id.*

Rule 24.035(g) governs the filing of an amended post-conviction motion that is filed on behalf of a movant convicted of a felony after a guilty plea. *See generally* Rule 24.035(a) and (g); *see also Baker*, 565 S.W.3d at 736. Rule 24.035(g) specifically provides that where, as in

---

[5] "Our Court has acknowledged an exception to this rule applies where all of the claims in a movant's pro se motion for post-conviction relief have been incorporated into and fully adjudicated along with the amended motion for post-conviction relief." *Baker*, 565 S.W.3d at 736 n.4 (citing *Guerra-Hernandez v. State*, 548 S.W.3d 368, 371 (Mo. App. E.D. 2018) and *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015)). This exception does not apply here, however, because all of the claims in Movant's pro se Rule 24.035 motion for post-conviction relief have not been incorporated into and fully adjudicated along with his amended Rule 24.035 motion. *See id.*

3

this case, a movant files a motion for post-conviction relief after a guilty plea from which no direct criminal appeal was taken, the amended motion must be filed:

> within sixty days of the earlier of [ ] (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

In addition, "[t]he court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Rule 24.035(g).

In this case, it is unnecessary for us to determine whether Rule 24.035(g)(1) or Rule 24.035(g)(2) applies in determining when Movant's amended motion was initially due because, as discussed below, Movant's amended post-conviction motion filed on February 6, 2017 was untimely under both subsections of the Rule.

First, assuming *arguendo* that Rule 24.035(g)(1) and the triggering events therein apply to the determination of when Movant's amended motion was initially due, Counsel was appointed by the trial court on October 7, 2016, after the complete transcript had been filed in the trial court. Accordingly, Movant's amended motion would have been initially due sixty days after October 7, 2016, i.e., on Tuesday, December 6, 2016. *See* Rule 24.035(g)(1). However, Counsel filed a request for a thirty-day extension of time pursuant to Rule 24.035(g), which the trial court granted. Therefore, Movant's amended motion would have been due on or before thirty days from December 6, 2016, i.e., on or before Thursday, January 5, 2017. *See id*.

In addition, assuming *arguendo* that Rule 24.035(g)(2) and the triggering events therein apply to the determination of when Movant's amended motion was initially due, the complete transcript of Movant's guilty plea and sentencing hearing was filed with the trial court on October 4, 2016, after Counsel entered his appearance on behalf of Movant. Sixty days from

4

October 4, 2016 fell on Saturday, December 3, 2016. Accordingly, Movant's amended motion would have been initially due on or before Monday, December 5, 2016. *See* Rule 44.01(a); *see also* Rule 24.035(g)(2). However, Counsel filed a request for a thirty-day extension of time pursuant to Rule 24.035(g), which the trial court granted. Therefore, Movant's amended motion would have been due on or before thirty days from December 5, 2016, i.e., on or before Wednesday, January 4, 2017. *See id*.

In sum, whether Movant's amended motion was due on January 5, 2017 or January 4, 2017, the amended motion was untimely filed on February 6, 2017. Moreover, because the motion court made no independent inquiry into whether Movant was abandoned by Counsel, we must reverse and remand the case to the motion court for such an inquiry. *See Moore*, 458 S.W.3d at 825-26; *Baker*, 565 S.W.3d at 736, 737.

### III. CONCLUSION

The motion court's judgment is reversed and the case is remanded to the motion court for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Presiding Judge

Robert G. Dowd, Jr., J., and
Roy L. Richter, J., concur.

5