

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

SHANIA A. HARNESS, )
                Appellant, )
                                )
v.                            )    WD83510
                                )
STATE OF MISSOURI, )    FILED: November 3, 2020
              Respondent. )

**Appeal from the Circuit Court of Buchanan County**
**The Honorable Patrick K. Robb, Judge**

**Before Division Four: Cynthia L. Martin, C.J., and**
**Alok Ahuja and Edward R. Ardini, JJ.**

Shania Harness pleaded guilty in the Circuit Court of Buchanan County to one count of first-degree robbery and was sentenced to twelve years' imprisonment. Harness filed a motion for post-conviction relief under Supreme Court Rule 24.035. Her appointed counsel filed an untimely amended motion. The circuit court denied Harness' amended motion on the merits after an evidentiary hearing, without addressing the timeliness issue. Harness appeals. Because the circuit court failed to address whether Harness had been abandoned by her post-conviction counsel's filing of an untimely amended motion, we vacate the circuit court's decision without reaching the merits of Harness' appeal. The case is remanded to the circuit court for it to determine, after an independent inquiry, whether Harness was abandoned by appointed counsel and to conduct further proceedings accordingly.

## Factual Background

On February 2, 2017, Harness was charged by felony information with one count of first-degree robbery in violation of § 570.023, RSMo. The information

alleged that on or about January 17, 2017, Harness robbed a Metro PCS Wireless store in Buchanan County, forcibly stealing money while displaying and threatening to use what appeared to be a deadly weapon.

On March 13, 2017, Harness entered a plea of guilty in exchange for the State's agreement not to file any additional charges arising out of the incident. The circuit court accepted Harness' guilty plea and later sentenced her to twelve years' imprisonment. Judgment was entered on April 26, 2017.

Harness filed a timely *pro se* motion for post-conviction relief pursuant to Supreme Court Rule 24.035 in October 2017.

On December 27, 2017, the circuit court appointed counsel to represent Harness. Appointed counsel entered her appearance on February 2, 2018. On the same date, counsel filed a motion seeking a thirty-day extension of time to file an amended motion for post-conviction relief. The circuit court granted the extension motion, and ordered that "[m]ovant's amended motion shall be filed within ninety (90) days of the filing of the guilty plea and sentencing transcript."

The required transcripts were filed with the court on July 19, 2018. As a result, Harness' amended motion was due on October 17, 2018.

Counsel filed Harness' amended motion for post-conviction relief one day late, on October 18, 2018.

The amended motion alleged two claims of ineffective assistance of counsel at Harness' sentencing hearing. The motion alleged that counsel's performance was deficient for: (1) failing to cross-examine the State's sole sentencing witness and adduce evidence that Harness did not threaten anyone during the robbery; and (2) failing to call Harness's grandmother as a mitigation witness at sentencing.

The circuit court denied Harness' amended motion for post-conviction relief on the merits following an evidentiary hearing. The circuit court's judgment does not mention the untimeliness of the amended motion; nor does the judgment make

2

a determination as to whether appointed counsel abandoned Harness by filing the amended motion out-of-time.

Harness appeals.

**Discussion**

Harness raises two Points on appeal. The first is dispositive. In her first Point, Harness argues that the judgment must be vacated because the circuit court failed to conduct an abandonment inquiry in light of post-conviction counsel's untimely filing of the amended motion. The State agrees that "[t]he motion court clearly erred in failing to conduct an independent abandonment inquiry following the untimely filing of the amended motion," and that the judgment must accordingly be vacated and the case remanded to the circuit court.

Under Rule 24.035(g), where no appeal is filed following a conviction by guilty plea, "the amended motion . . . shall be filed within 60 days of the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and . . . [c]ounsel is appointed" or non-appointed counsel enters an appearance. Rule 24.035(g) provides that "[t]he court may extend the time for filing the amended motion . . ., with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days."

In this case, counsel was appointed on December 27, 2017, and the transcripts of Harness' guilty plea and sentencing hearings were filed on July 19, 2018. The circuit court granted Harness' appointed counsel a thirty-day extension of time within which to file an amended motion. Harness' amended post-conviction relief motion was accordingly due within ninety days of the filing of the transcripts, or by October 17, 2018. The amended motion was instead filed one day late, on October 18, 2018.

The Missouri Supreme Court has explained that

3

Rule 24.035(g) filing deadlines are mandatory. Both circuit and appellate courts "have a 'duty to enforce the mandatory time limits . . . even if the state does not raise the issue.'" Accordingly, this Court will not consider the merits of a motion for post-conviction relief without first determining whether the motion was timely filed. When appointed counsel fails to file a timely amended motion, this Court will remand the case to the motion court to determine whether appointed counsel abandoned the post-conviction movant. *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. 2015).

*Bearden v. State*, 530 S.W.3d 504, 506 (Mo. 2017) (other citations and footnote omitted); *see also Moore*, 458 S.W.3d at 825 ("When an untimely amended motion is filed [by appointed counsel], the motion court has a duty to undertake an independent inquiry . . . to determine if abandonment occurred."). "'The untimely filing of an amended motion by post-conviction counsel creates a presumption of abandonment.'" *Milner v. State*, 551 S.W.3d 476, 479 (Mo. 2018) (quoting *Watson v. State*, 536 S.W.3d 716, 719 (Mo. 2018)).

The abandonment inquiry asks whether responsibility for the untimely filing of the amended motion rests with appointed counsel, or instead with the movant. *See Ross v. State*, 527 S.W.3d 116, 120 (Mo. App. W.D. 2017) ("[T]he 'abandonment' inquiry requires the court to determine whether the failure to file a timely amended motion is 'the result of movant's action or inaction,' or instead whether 'movant is free of responsibility for the failure to comply with the requirements of the rule.'" (citations omitted)).

The abandonment inquiry is necessary to determine whether the untimely amended motion will be permitted to be filed and adjudicated, or instead whether the circuit court should address only the claims raised in the movant's original *pro se* motion. *See Latham v. State*, 554 S.W.3d 397, 405 (Mo. 2018). "If postconviction counsel's failure to timely file an amended motion or a statement in lieu of an amended motion was the result of [the movant]'s action or inaction," or in other words, due to movant's "negligence or intentional failure to act," then the movant

4

was not abandoned. *Id.* In that circumstance, the movant is entitled to no relief from Rule 24.035(g)'s filing deadlines, and the circuit court "must proceed to adjudicate only [the movant]'s *pro se* motion." *Id.* On the other hand, "if the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to [disregard the filing deadline,] permit the untimely filing and adjudicate the amended motion." *Staten v. State*, 540 S.W.3d 873, 875 (Mo. App. W.D. 2018) (citation and internal quotation marks omitted); *accord Latham*, 554 S.W.3d at 405 ("if . . . postconviction [counsel] acted on movant's behalf but did so untimely under the postconviction rules, the motion court should treat the late-filed amended motion . . . as timely"; citation omitted).

Given the untimely filing of Harness' amended motion, the circuit court was required to conduct an abandonment inquiry, to determine whether the court should address the claims presented in Harness' original or amended post-conviction relief motions. Because the circuit court failed to decide the abandonment question, "the motion court's judgment must be reversed, and the matter must be remanded for the motion court to conduct an independent inquiry into whether appointed counsel abandoned [Harness]." *Staten*, 540 S.W.3d at 876.

## Conclusion

The judgment of the circuit court denying Harness' amended motion for post-conviction relief is reversed. The case is remanded to permit the circuit court to conduct an independent inquiry into whether Harness was abandoned by appointed counsel, and for further proceedings consistent with the outcome of that inquiry.

_____
Alok Ahuja, Judge

All concur.

5