PATRICIA BRECKENRIDGE, JUDGE
Charles K. Moore appeals the judgment overruling his amended Rule 29.15 motion for post-conviction relief without an evi-dentiary hearing. Mr. Moore’s amended motion was filed out of time, creating a presumption of abandonment on the record. The motion court ruled on the amended motion without an independent inquiry into whether Mr. Moore was actually abandoned by appointed counsel. Because the existence of abandonment affects whether the claims in the amended motion have been waived, the Court reverses the motion court’s judgment and remands the case.
Factual and Procedural Background
In 2010, a jury convicted Mr. Moore of second-degree assault of a probation and parole officer for kicking a chair at a probation and parole officer and walking toward the officer with a clenched fist. Mr. Moore was sentenced as a persistent felony offender to a term of 15 years in prison to run consecutively to the other sentences he was serving at the time. The court of appeals issued its mandate affirming Mr. Moore’s conviction on April 18, 2012. See State v. Moore, 362 S.W.3d 509 (Mo.App.2012).
On June 20, 2012, Mr. Moore timely filed a pro se Rule 29.15 motion, and the motion court appointed post-conviction counsel to represent Mr. Moore in the proceeding. Ninety-one days later, on September 19, 2012,[1] Mr. Moore’s appointed counsel filed an amended motion alleging two claims of ineffective assistance of counsel: (1) that trial counsel was ineffective for filing a motion for change of judge and then withdrawing it against Mr. Moore’s wishes; and (2) that trial counsel was ineffective for failing to seek a change of judge because the judge presiding over Mr. Moore’s trial previously worked as a prosecuting attorney and was “involved” in a prior prosecution of Mr. Moore.
The motion court overruled the amended motion without an evidentiary hearing. The court found that trial counsel withdrew the motion for change of judge in Mr. Moore’s presence and with his consent in open court and that Mr. Moore failed to allege prejudice “sufficient to trigger relief.”
Mr. Moore appeals. After an opinion by the court of appeals, the case was transferred to this Court. Mo. Const, art. V, sec. 10.
Presumption of Abandonment by Appointed Counsel
Rule 29.15(g) governs the filing of an amended post-conviction motion. It provides in pertinent part:
*825 If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.
Post-conviction counsel was appointed on June 20, 2012, after the mandate in Mr. Moore’s appeal issued. Therefore, the amended motion was due on or before August 20, 2012.[2] See id. While the rule allows for an extension of time up to 30 days, the record in this case fails to show that Mr. Moore’s appointed counsel requested, or that the motion court on its own motion granted, an extension. Accordingly, the amended motion filed on September 19, 2012, was not timely.
Nevertheless, when post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute “abandonment” of the movant. Price v. State, 422 S.W.3d 292, 298 (Mo. banc 2014); McDaris v. State, 843 S.W.2d 369, 371 (Mo. banc 1992); Sanders v. State, 807 S.W.2d 493, 494-95 (Mo. banc 1991). Abandonment by appointed counsel “extend[s] the time limitations for filing an amended Rulé 29.15 motion.” Moore v. State, 934 S.W.2d 289, 290 (Mo. banc 1996).
Rule 29.15(e) requires appointed counsel to “ascertain whether sufficient facts supporting the claims are asserted in the [pro se ] motion and whether the movant has included all claims known to the movant as the basis for attacking the judgment and sentence.” If the pro se motion does not assert sufficient facts or include all known claims, appointed counsel must file an amended motion. Rule 29.15(e). If appointed counsel determines an amended motion is not necessary, appointed counsel must file a statement setting out facts demonstrating counsel’s actions to ensure no amended motion is needed. Id.
“The absence of a record of post-conviction counsel’s attention to the pro se motion ‘creates a presumption that counsel failed to comply with the rule.’ ” Moore, 934 S.W.2d at 291 (quoting Luleff v. State, 807 S.W.2d 495, 498 (Mo. banc 1991)). Likewise, when an amended motion is untimely filed, the record creates a presumption that counsel failed to comply with the rule because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely. Id.; Sanders, 807 S.W.2d at 494-95.
When an untimely amended motion is filed, the motion court has a duty to undertake an “independent inquiry under Lulejf” to determine if abandonment occurred. Vogl v. State, 437 S.W.3d 218, 228-29 (Mo. banc 2014). See also Moore, 934 S.W.2d at 290; McDaris, 843 S.W.2d at 371. If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant’s initial motion. Sanders, 807 S.W.2d at 495. See also Luleff, 807 S.W.2d at 498 (“If counsel’s apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other *826 than that which may be afforded upon the pro se motion”). If the motion court determines that the movant was abandoned by appointed counsel’s untimely filing of an amended motion, the court is directed to permit the untimely filing. Sanders, 807 S.W.2d at 495.
In this case, the motion court did not make an independent inquiry into whether Mr. Moore was abandoned. When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry. Id. The result of the inquiry into abandonment determines which motion— the initial motion or the amended motion— the court should adjudicate.[3] Id. Accordingly, the motion court’s judgment is reversed and the case remanded for the motion court to conduct the independent inquiry to determine if Mr. Moore was abandoned.[4]
Conclusion
For the foregoing reasons, this Court reverses the motion court’s judgment overruling Mr. Moore’s amended motion. The case is remanded for an independent inquiry into whether Mr. Moore was abandoned by appointed counsel and for further proceedings consistent with the outcome of the court’s inquiry.
Russell, C.J., Stith, Draper, and Teitelman, JJ., concur; Fischer, J., concurs in separate opinion filed; Wilson, J., dissents in separate opinion filed.

. The date and time of September 18, 2012, at 16:42 were electronically recorded across the top of each page of Mr. Moore’s amended motion, appearing to indicate that this was the date and time the document was faxed to the circuit court of St. Francois County. Nevertheless, the docket sheet shows' the amended motion was filed by that court on September 19, 2012, while the motion court finds in its judgment that the amended motion was filed on September 20, 2012. It is not necessary to resolve this discrepancy, however, because, under Rule 29.15(g), the amended motion was due 60 days after June 20, 2012, the earliest date when “both the mandate of the appellate court is issued and counsel is appointed,” which was August 20, 2012.

. While 60 days from the date counsel was appointed was August 19, 2012, the motion was not due until the next day because August 19 was a Sunday. See Rule 44.01(a).

. The dissenting opinion advocates that this Court should deny Mr. Moore’s postconviction claims rather than remand the case because all claims made in his initial pro se motion were incorporated into the amended motion and have been adjudicated against him by the motion court or the court of appeals in his direct appeal, citing Rule 84.14 for the principle that this Court should finally dispose of a case, unless justice otherwise requires. Contrary to the suggestions made in the dissenting opinion, neither the motion court nor the court of appeals in Mr. Moore's direct appeal adjudicated against him all of his pro se claims. In his pro se motion, Mr. Moore alleged that he received ineffective assistance of trial counsel, that the prosecutor committed misconduct, that the key witness for the state presented false testimony, and that his trial counsel failed to investigate all of the witnesses who were present. The motion court did not reference these claims or adjudicate them with written findings of fact and conclusions of law as required by Rule 29.15(j). Additionally, in Mr. Moore’s direct appeal, the court of appeals adjudicated only a claim that there was not sufficient evidence to convict him. Mr. Moore has not received the process that justice requires.

. The concurring opinion suggests that the motion court's ruling on Mr. Moore’s amended motion is correct, and the dissenting opinion goes further to find that there is no merit to his claims. Because the Court reverses the motion court’s judgment and remands his case for an independent inquiry into whether Mr. Moore was abandoned by appointed counsel, the merits of Mr. Moore's claims are not considered by this Court.