

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| TERRENCE HENDRICKS, | ) | No. ED102067 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable David C. Mason |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 9, 2016 |

### Introduction

Terrence Hendricks (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15[1] motion for post-conviction relief. Movant asserts one point on appeal. Because Movant's amended motion was untimely filed and the motion court made no independent abandonment inquiry, we reverse and remand. The State and Movant agree remand is required.

### Background

Movant filed a timely pro se Rule 29.15 motion for post-conviction relief on June 30, 2011. The motion court appointed counsel on July 22, 2011. On July 29, 2011, counsel entered an appearance and moved for a 30-day extension to file an amended motion. The motion court never entered an order ruling on or granting the extension. Then, on October 20, 2011,

---

[1] Unless otherwise noted, all references to Rules are to Missouri Supreme Court Rules (2015).

appointed counsel filed an amended motion. Ultimately, after an evidentiary hearing, the motion court denied both of the claims in Movant's amended motion. Movant appeals.

## Discussion

The Missouri Supreme Court's decision in *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015), governs our analysis. In *Moore*, the movant filed a timely pro se motion, but the movant's appointed counsel filed an amended motion outside of the sixty-day deadline. *Id.* at 825. The movant's amended motion was untimely. *Id.* The Court held that "[w]hen an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry . . . to determine if abandonment occurred." *Id.* (internal quotation omitted) (citation omitted). Because the motion court did not make an independent inquiry into abandonment, the Supreme Court reversed the motion court's judgment and remanded the matter to the motion court, as it is "the appropriate forum to conduct such an inquiry." *Id.* at 826.

Here, post-conviction counsel was appointed on July 22, 2011, after this Court entered its mandate. Therefore, Movant's amended motion was due sixty days later, on September 20, 2011. On July 29, 2011, post-conviction counsel requested a 30-day extension on the filing of the amended motion. If granted, this extension would have extended the due date of the amended motion to October 20, 2011. However, because the motion court never ruled on the motion for extension, the due date for the amended motion remained September 20, 2011. Post-conviction counsel did not file an amended motion until October 20, 2011.

Therefore, the amended motion was filed untimely and the motion court was required to perform an independent inquiry into whether Movant was abandoned. Because the motion court failed to do so, in accordance with *Moore*, we are required to remand the matter to the motion court to conduct such an inquiry. The State and Movant agree remand is required.

## Conclusion

The judgment of the motion court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

3