

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

MELVIN PATTON,

   Movant/Appellant,

vs.

STATE OF MISSOURI,

   Respondent.

) No. ED102323
)
) Appeal from the Circuit Court of
) the City of St. Louis
)
) Honorable David L. Dowd
)
) Filed:  February 9, 2016
)

## Introduction

Melvin Patton (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15[1] motion for post-conviction relief.  On appeal, Movant claims two points of error.  Because Movant's amended motion was untimely filed and the motion court made no independent abandonment inquiry, we reverse and remand.

## Factual Background

Movant filed a timely pro se Rule 29.15 motion for post-conviction relief on April 9, 2014. The motion court entered an order appointing counsel on May 1, 2014.  On May 6, 2014, appointed counsel filed an entry of appearance and a request for a thirty-day extension to the sixty-day statutory deadline to file an amended motion. The motion court never entered an order

---

[1] Unless otherwise noted, all references to Rules are to Missouri Supreme Court Rules (2015).

ruling on or granting the extension. As a result, the amended motion was due July 4, 2014. On July 30, 2014, appointed counsel filed an amended motion, which was well after the sixty-day deadline. Ultimately, the motion court denied Movant's amended motion without an evidentiary hearing, finding that Movant "failed to allege facts which are not refuted by the record and which entitle him to relief." This appeal follows.

## Abandonment

The Missouri Supreme Court recently took up the issue of abandonment in *Moore v. State,* 458 S.W.3d 822 (Mo. banc 2015). In *Moore,* the movant filed a timely pro se motion for post-conviction relief, but the movant's appointed counsel missed the statutory sixty-day deadline for filing the movant's amended motion. *Id.* at 824. Counsel filed an amended motion on the movant's behalf after the sixty-day deadline, and the motion court considered the merits of the movant's amended motion without first making any inquiry regarding abandonment. *Id*. On transfer from this Court, the Supreme Court held that when an "untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." *Id.* at 825 (citing *Vogl v. State,* 437 S.W.3d 281, 228-29 (Mo. banc 2014). The Court held that "the motion court is the appropriate forum to conduct such an inquiry[,]" and because the motion court did not undertake such an inquiry, the Court reversed the motion court's judgment and remanded the matter for the court to conduct an abandonment inquiry. *Id.* at 826.

In the present case, the parties do not dispute that Movant's amended motion was filed past the statutory sixty-day deadline, and that the motion court, in considering Movant's post-conviction motion, did not make an independent inquiry into whether post-conviction counsel abandoned Movant. Therefore, in accordance with *Moore,* we are required to reverse the motion

court's judgment and remand the matter to the motion court for a determination of abandonment and for further proceedings consistent with the motion court's inquiry.

## Conclusion

The judgment of the motion court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.