

# Missouri Court of Appeals

## Southern District

### Division Two

CRAIG A. HILL,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Movant-Appellant,　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　　No. SD34092
　　　　　　　　　　　　　　　　　)
STATE OF MISSOURI,　　　　　　　　)　　　　**Filed:　June 23, 2016**
　　　　　　　　　　　　　　　　　)
　　　　Respondent-Respondent.　　　)

APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable W. Keith Currie, Associate Circuit Judge

**REVERSED AND REMANDED**

Craig A. Hill ("Movant") appeals the motion court's denial without an evidentiary hearing of his request for post-conviction relief under Rule 24.035, Missouri Court Rules (2016). In a single point relied on, Movant asserts that the motion court "clearly erred in denying [Movant] an evidentiary hearing" on his claim that plea counsel "was ineffective for failing to request a mental evaluation" of Movant. Movant and the State now agree that Movant's amended motion for post-conviction relief was filed after the time permitted by Rule 24.035(g), and request that the case be remanded to the motion court. We agree, and reverse the motion court's judgment and remand the case to the motion court for further proceedings as required by *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

1

Movant's sentence was executed in January 2013, and he was delivered to the Department of Corrections on January 28, 2013. Movant timely filed a *pro se* motion for post-conviction relief on May 15, 2013. Rule 24.035(b). Counsel was appointed and the transcript of Movant's plea and sentencing hearing was filed in the trial court on May 17, 2013. The record does not reveal a request for, or a grant of, an extension of time to file an amended motion for post-conviction relief with the result that any amended motion was required to be filed within sixty days after May 17, 2013. Rule 24.035(g). Appointed counsel filed an amended motion for post-conviction relief, but did not do so until February 24, 2014.

Movant's *pro se* motion included claims that (1) Movant's "rights to confrontation and Due process" were "violated by a standing order of [the trial court] barring the release of pertinent videos," and (2) the trial court erred in "accept[ing Movant's] Plea with no factual basis." These claims were not included in Movant's amended motion, and the motion court's judgment adjudicates only the claims set forth in the amended motion. There is no indication in the record that the motion court undertook an independent inquiry to determine if Movant was abandoned by appointed counsel.

As we recently observed:

> When appointed post-conviction counsel files an amended motion outside the proscribed time limits, a presumption of abandonment occurs "because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely." *Moore*, 458 S.W.3d at 825 (citations omitted).
>
> Where there exists a presumption of abandonment, the motion court is required to undertake an independent inquiry to determine whether Movant was in fact abandoned by appointed counsel. *Id.* Such an inquiry will determine which post-conviction motion—Movant's *pro se* motion or the amended motion—should be adjudicated by the motion court. *Id.* at 826. There is nothing in the record here to indicate that the required independent inquiry into the issue of abandonment was undertaken by the motion court, thus remand is appropriate.

*Price v. State*, No. SD34063, 2016 WL 2864452, at \*2 (Mo.App. S.D. May 13, 2016) (internal

footnotes omitted).  If, on remand, the motion court determines Movant was not abandoned, the

motion court should not consider Movant's amended motion and adjudicate Movant's *pro se*

motion.  If, on the other hand, the motion court determines on remand that Movant was

abandoned, the motion court should adjudicate Movant's amended motion.  ***Moore***, 458 S.W.3d

at 825-26.

   The motion court's judgment is reversed, and the case is remanded for further

proceedings as required by ***Moore***.[1]

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. - Concurs

William F. Francis, Jr., J. - Concurs

---

[1] We do note that, in the event on remand the motion court determines that Movant was abandoned and again adjudicates Movant's amended motion, the motion court's findings in paragraphs 14 through16 of its judgment do not appear to be addressed in the record that was provided us.