

# Missouri Court of Appeals

### Southern District

### Division One

BRETT ALLEN YELTON,      )
                 )
     Movant-Appellant,      )
                 )
vs.                        )      No. SD34313
                 )
STATE OF MISSOURI,      )      **Filed: December 7, 2016**
                 )
     Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

### Honorable Kenneth F. Thompson

### **REVERSED AND REMANDED**

Brett Allen Yelton ("Movant") appeals from the motion court's denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing.[1] Movant raises two points on appeal: (1) that the motion court clearly erred in failing to conduct an independent inquiry under **Moore v. State**, 458 S.W.3d 822 (Mo. banc 2015), into whether Movant was abandoned by post-conviction counsel when post-conviction counsel filed an untimely amended motion and (2) that the motion court clearly erred in denying Movant's oral motion for a continuance made at the beginning of the post-conviction evidentiary hearing.

---

[1] All rule references are to Missouri Court Rules (2016).

The State concedes reversal and remand is required based on Movant's first point. We agree. Consequently, we need not address Movant's second point. We reverse and remand, so the motion court can conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel.

### Factual and Procedural Background

We recount only those facts necessary to our review. Movant pleaded guilty to one count of first-degree assault and one count of child abuse without the benefit of a plea agreement. *See* § 565.050, RSMo (2000); § 568.060, RSMo Cum. Supp. (2013). The trial court sentenced Movant to consecutive terms of life imprisonment for first-degree assault and seven years' imprisonment for child abuse.

Movant was delivered to the Department of Corrections on January 8, 2015. Movant filed a *pro se* motion for post-conviction relief on February 2, 2015. The motion court appointed the public defender to represent Movant on February 6, 2015, and the transcript of the guilty plea and sentencing proceedings was filed on May 13, 2015. Appointed counsel did not request and the motion court did not grant an extension of time in which to file the amended motion for post-conviction relief. Movant's amended motion for post-conviction relief was filed on September 9, 2015.

The motion court held a hearing regarding the claims raised in Movant's amended post-conviction motion on November 6, 2015. The motion court issued findings of fact and conclusions of law denying Movant's amended motion for post-conviction relief on December 7, 2015. The findings and conclusions do not

2

discuss the untimely filing of the amended motion or whether Movant was abandoned by post-conviction counsel. This appeal follows.

## Discussion

Under **Moore**, appellate courts must *sua sponte* "determine whether appointed counsel complied with the requirements of Rule 24.035(e), which delineates the mandatory time limits for filing amended post-conviction motions." **Price v. State**, 489 S.W.3d 358, 360 (Mo. App. S.D. 2016). Where, as here, the movant did not appeal the judgement or sentence, the rule provides:

> the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 24.035(g). Here, post-conviction counsel was appointed on February 6, 2015, and the transcript was filed on May 13, 2015. Thus, the time period began to run on May 13, 2015, and the amended motion was due on Sunday, July 12, 2015. Pursuant to Rule 44.01(a), since the time period ended on a Sunday, the time for filing the amended motion was automatically extended until the end of Monday, July 13, 2015. As stated above, Movant's amended motion for post-conviction relief was filed on September 9, 2015. Movant's amended motion for post-conviction relief was untimely.

"When appointed post-conviction counsel files an amended motion outside the proscribed time limits, a presumption of abandonment occurs 'because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the

3

amended motion timely.'" ***Price***, 489 S.W.3d at 361 (quoting ***Moore***, 458 S.W.3d at 825). In such circumstances, the motion court must complete an independent inquiry to determine whether the movant was abandoned by post-conviction counsel. ***Id.*** Here, there is nothing in the record to show the motion court engaged in the required inquiry.

The inquiry is essential because it "will determine which post-conviction motion—Movant's *pro se* motion or the amended motion—should be adjudicated by the motion court." ***Id.*** "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." ***Moore***, 458 S.W.3d at 825. "If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." ***Id.*** at 826.

Movant's first point is granted.

## Decision

The motion court's judgment is reversed. The case is remanded for further proceedings consistent with this opinion.

MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

DON E. BURRELL, J. – CONCURS

4