**Andy Joe ALTIC, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 34526**

Missouri Court of Appeals,
Southern District,
**Division One.**

FILED: February 14, 2017

Appellant's attorney: Margaret Mueller Johnston

Respondent's attorneys: Chris Koster, Atty. Gen., and Shaun J. Mackelprang, Asst. Atty. Gen.

(Before Lynch, P.J., Rahmeyer, J., and Scott, J.)

## REVERSED AND REMANDED WITH DIRECTIONS

PER CURIAM.

Mr. Altic appeals the dismissal of his Rule 29.15 postconviction case. We need reach only his second of three points, which the state concedes, regarding failure to conduct an abandonment hearing per *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015).

Relevant dates are not in dispute. On August 14, 2014, Mr. Altic timely moved *pro se* for Rule 29.15 relief from a stealing conviction. Appointed counsel sought a 30–day extension for his amended motion, but there was no ruling of record, so the deadline remained November 7, rendering the November 10 amended motion untimely. *See Patton v. State*, 488 S.W.3d 143–44 (Mo.App. 2016); *Frazee v. State*, 480 S.W.3d 442, 445 (Mo.App. 2016); Rule 29.15(g).

When an amended motion is untimely, the motion court must independently inquire and determine whether abandonment occurred. *Moore*, 458 S.W.3d at 825. "In this case, the motion court did not make an independent inquiry into whether Mr. [Altic] was abandoned. When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826.

We reverse and remand the case to the motion court to conduct a *Moore* abandonment inquiry, the result of which will determine which motion the court will adjudicate, *id.* and for further proceedings consistent with Rule 29.15.[1]

---

1. We deny all other points as moot.