MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

DREW RYLAND, )
 ) WD83470 Consolidated with
 Appellant, ) WD83553
 v. )
 ) OPINION FILED:
STATE OF MISSOURI, )
 ) March 23, 2021
 Respondent. )

 Appeal from the Circuit Court of Jackson County, Missouri
 Honorable George Edgar Wolf, III, Judge

 Before Division One:
 Alok Ahuja, P.J., Thomas H. Newton, and Thomas N. Chapman, JJ.

 Mr. Drew Ryland appeals the Jackson County Circuit Court judgment

overruling an amended Rule 29.15 motion. He argues that the motion court erred

in considering the amended motion because “privately retained” counsel

requested and received an unauthorized extension of time to file the motion,

making it untimely. He also argues that the motion court erred in overruling the

pro se Rule 29.15 motion. We reverse and remand.

 This Court affirmed Mr. Ryland’s convictions for one count of second-

degree murder, one count of resisting a lawful stop, three counts of second-

 1
degree assault, and four counts of armed criminal action in September 2017 ; the

mandate was issued on December 20, 2017. State v. Ryland, 533 S.W.3d 742,

745 (Mo. App. W.D. 2017). 1 Mr. Ryland timely filed a pro se motion to vacate,

set aside or correct the judgment or sentence under Rule 29.15 on March 16,

2018. He raised three allegations of ineffective assistance of trial counsel:

“Lawyer Didnt [sic] present evidence which would determined [sic] conviction,”

“Lawyer Didnt [sic] Hire Medical expert to examine evidence,” and “Lawer [sic]

Didnt [sic] Hire Accident recreation expert to examine evedence [sic]. ”

 Mr. Ryland did not complete the forma pauperis affidavit attached to the

motion. Still, the motion court appointed “the office of Appellate Public

Defender” to represent Mr. Ryland on April 13, 2018, and stated that counsel had

90 days to amend the pro se motion consistent with the timing provisions of Rule

29.15(g). 2 The motion court further stated that Rule 29.15(g) “already

1
 The convictions arose from a September 20, 2014, automobile collision following a police pursuit
begun as a high-speed chase of a Chevy Suburban in Kansas City but terminated before the collision
occurred. State v. Ryland, 533 S.W.3d 742, 746-48 (Mo. App. W.D. 2017). Mr. Drew Ryland’s defense
was that he was not driving the Suburban; rather, another person in the vehicle was the driver. Id. at
748. One person died from injuries sustained during the collision and four were seriously injured. Id.
The jury convicted Mr. Ryland on March 18, 2016, and the trial court sentenced him on May 16, 2016.
2
 Court-appointed counsel is required for “indigent” movants under Rule 29.15(e). The parties do not
address whether the motion court had the authority to appo int the appellate public defender office in
the absence of a forma pauperis affidavit or an affirmative response to question 18 on the post -
conviction relief form. If this order were void for that reason, the motion court would have had the
authority to grant post-conviction relief counsel an extension of time to file the amended motion,
because it would have been the first extension granted and thus authorized under the version of Rule
29.15 in effect when Mr. Ryland filed his pro se motion. We have, however, noted that “indigency
should be liberally assessed when pro se post-conviction motions are first filed.” Williams v. State,
494 S.W.3d 638, 642-43 (Mo. App. W.D. 2016) (“An initial determination of indigency must be made
by the motion court based on the content of the movant’s pro se motion and/or on whether the movant
was permitted to proceed in forma pauperis at the time of a guilty plea or trial.”). Mr. Ryland was
represented by a public defender at trial. In any event, the amended motion would still have been
untimely because it would have been filed 107 days after post -conviction relief counsel entered an
appearance.

 2
contemplates the extension contained in the rule, and as such there is no need to

request an extension.” Ten days after the order was entered, legal counsel, who

was not identified as an appellate public defender, entered an appearance for Mr.

Ryland. 3 Counsel filed a motion for extension of time on July 9, 2018, to file the

amended Rule 29.15 motion. The motion for extension of time cited Rule

29.15(g) and claimed that it authorized the motion court to grant ext ensions of

time “with no extension exceeding 30 days individually and the total of

extensions not to exceed 60 days.” The motion also noted, “Only one 30-day

extension has been granted, and so an additional 30-day extension is permitted

by rule.” The motion court granted the extension on July 19, 2018.

 The amended Rule 29.15 motion was filed on August 8, 2018. The

amended motion raised five allegations of trial counsel’s ineffectiveness: (1)

failure to investigate and introduce exculpatory evidence of injuries sustained by

Mr. Brandon Harris, the individual Mr. Ryland alleged was the driver of the

Suburban, “specifically air bag abrasions that could have only been caused by

the steering wheel airbag”; (2) failure to introduce video evidence corroborating

testimony that Mr. Harris fled from the driver’s side of the vehicle and

impeaching other testimony about where this individual was treated by a medic;

(3) introducing “false, inculpatory evidence” that Mr. Harris was pulled from the

passenger side of the vehicle; (4) failing to investigate and introduce evidence of

3
 Mr. Ryland refers to this attorney as “privately retained” counsel. As noted, he was represented at
trial by the Missouri State Public Defender’s office and is represented on this appeal by an assistant
public defender.

 3
Mr. Harris’s prior municipal DWI convictions as evidence of his motive to avoid

the severe consequences of repeated DWI convictions; and (5) failing to

introduce evidence that police investigators were biased and had decided that Mr.

Ryland was the driver before conducting any investigation.

 An evidentiary hearing was held on the motion in May 2019. The motion

court issued the judgment in November 2019 and specifically addressed each of

the claims from the amended Rule 29.15 motion. As to the pro se motion, the

motion court stated that Mr. Ryland’s allegations “are deemed abandoned and

moot under Rule 29.15 because his appellate counsel has filed an Amended

Motion to Vacate, Set Aside, or Correct Judgment and Sentence Pursuant to Rule

29.15 on his behalf.” The motion court also stated that “any pro se allegations

that were not addressed at the evidentiary hearing are moot, and as such, are

considered abandoned.” The judgment concluded by overruling and dismissing

with prejudice the amended motion “(including all claims in his pro se motion),”

despite not specifically addressing the pro se claims or explaining how or

whether they had been adjudicated during the evidentiary hearing. Mr. Ryland

appeals.

 Legal Analysis

 In the first point, Mr. Ryland acknowledges that, under the applicable

version of Rule 29.15, the second extension of time to file the amended motion

was unauthorized. He claims that the motion court erred in considering the

amended motion and should instead have considered only the pro se Rule 29.15

 4
motion, and he was prejudiced by the motion court’s error in that the pro se

motion had a “distinct and meritorious claim for relief.” 4

 Because the motion court did not adjudicate the pro se motion, Mr. Ryland

argues that the case should be reversed “without more.” In this regard, he cites

Moore v. State, 458 S.W.3d 822, 826 n.3 (Mo. banc 2015), which was remanded

for the motion court to determine whether Mr. Moore had been abandoned and,

accordingly, did not reverse “without more.” In footnote three, the Missouri

Supreme Court refused to find that the claims in the pro se motion had been

incorporated into the amended motion, observing that the motion court “did not

reference these claims or adjudicate them with written findings of fact and

conclusions of law as required by Rule 29.15(j).” Id.

 When Mr. Ryland filed the pro se motion, Rule 29.15(m) stated, “If

sentence was pronounced prior to January 1, 2018, postconviction relief shall

continue to be governed by the provisions of Rule 29.15 in effect on the date the

4
 Mr. Ryland identifies that claim as the third of the three claims raised in the pro se motion. Mr.
Ryland contends on appeal that claims 8(c) and 9(c) alleged that “trial counsel was ineffective in failing
to present clearly exculpatory evidence: Video footage showing a different person perpetrating the
offenses for which Mr. Ryland was convicted.” This is not, however, the claim raised in the pro se
Rule 29.15 motion. Claim 8(c) states, “Lawer [sic] Didnt [sic] Hire Accident recreation expert to
examine evedence [sic].” Paragraph 9(c), which sets out supporting facts for the claims alleged in
8(c), states, “vidieo [sic] expert to go over Dash cam to prove Dr iver Identity.” Mr. Ryland relates
this issue to a matter we considered on direct appeal: whether enhanced dash -cam video was newly
discovered evidence warranting the grant of a motion to remand for the trial court to conduct a hearing
on the first amended motion for new trial on the basis of newly discovered evidence. Ryland, 533
S.W.3d at 745 n.1 (denying motion, we stated, “The video was provided to the defense prior to trial
and there is no allegation that the enhancement process used to produce the images that are the subject
of this motion was not available at trial.” We also questioned the probative value of the enhanced
images as to who was driving the Suburban, citing their poor resolution.). Mr. Ryland argues on appeal
that while the footage was of poor resolution, “there were multiple witnesses who could have
distinguished Mr. Ryland from Mr. Harris based on significant differences in their appearance.” This
may be so, but we question whether this was the claim actually presented in the pro se motion.

 5
motion was filed or December 31, 2017, whichever is earlier.” Mr. Ryland was

sentenced in May 2016, and the pro se motion was filed in March 2018. Thus,

the rule in effect as of December 31, 2017, must be applied to determine whether

more than one extension could be granted for the filing of the amended motion.

That rule permitted just one 30-day extension. 5 The State agrees that Mr. Ryland

was given one authorized extension when the motion court issued the order

appointing counsel and also agrees that he received a second unauthorized

extension at the request of counsel who entered an appearance on his behalf. The

amended motion, which was due within 90 days of the date counsel was

appointed, was filed 117 days after the court appointed the appellate public

defender office. 6 See Stanley v. State, 420 S.W.3d 532, 541 (Mo. banc 2014)

(“The earlier of the date of first appointment or entry of appearance continues to

control the time limit for filing an amended motion, regardless of whether a new

lawyer appears.”). Because the post-conviction rules have mandatory time

limits, the motion court here had no authority to grant a second extension. Id.

5
 Rule 29.15(g) set forth the following filing deadline in December 2017:

 If an appeal of the judgment sought to vacated, set aside, or corrected is taken, the
 amended motion shall be filed within sixty days of the earlier of:

 (1) the date both the mandate of the appellate court is issued and counsel is appointed
 or
 (2) the date both the mandate of the appellate court is issued and an entry of appearance
 is filed by any counsel that is not appointed but enters an appearance on behalf of
 the movant. The court may extend the time for filing the amended motion for one
 additional period not to exceed thirty days.
6
 The Missouri Supreme Court has determined, under Rule 29.15, “that the effective date of the
appointment of counsel is the date on which the office of public defender is designated rather than the
date of counsel’s entry of appearance.” State v. White, 813 S.W.2d 862, 864 (Mo. banc 1991).

 6
 The parties disagree as to whether counsel who entered an appearance to

represent Mr. Ryland was privately retained or brought into the case as a special

public defender. A determination on this matter will affect whether the case

should be returned to the motion court for an abandonment hearing or whether it

must be returned for the motion court to rule on the pro se Rule 29.15 motion

only. In Stanley, our supreme court observed that one of the narrow exceptions

to the time limits for filing amended post-conviction motions is abandonment.

Id. at 541-42 (“When a movant proves that counsel has abandoned the movant,

however, the proper remedy is to put the movant in the place where the movant

would have been if the abandonment had not occurred.” (citation omitted)). If

the movant has not been abandoned and the movant caused the late filing, the

motion court must proceed to adjudicate the pro se motion. Moore, 458 S.W.3d

at 825. If, however, the untimely filing was the result of abandonment, the

motion court may permit the filing and adjudicate the amended motion. Id. at

826 (“When an untimely amended motion is filed, the motion court has a duty to

undertake an independent inquiry . . . to determine if abandonment has occurred. ”

(citation omitted)). The abandonment doctrine, however, “applies only to

situations involving appointed postconviction counsel.” Gittemeier v. State, 527

S.W.3d 64, 71 (Mo. banc 2017).

 The State does not support its assertion that the attorney who entered an

appearance for Mr. Ryland as post-conviction relief (PCR) counsel may have

appeared as a “special public defender pursuant to the court’s appointment of the

 7
public defender office.” The State simply alleges that “[t]he record does not

unequivocally demonstrate whether [PCR] counsel was appearing as retained

counsel.” Because PCR counsel entered an appearance after the motion court

appointed the appellate public defender office to represent Mr. Ryland, we agree

that the question of PCR counsel’s status may be in question on this record. And,

to the extent that counsel’s status affects the abandonment inquiry, we agree that

a hearing must be held on remand for the motion court to independently address

that issue.

 If PCR counsel was court-appointed, the motion court must proceed to

inquire whether the untimely filing constituted abandonment. “[W]hen an

amended motion is untimely filed, the record creates a strong presumption that

counsel failed to comply with the rule because the filing of the amended motion

indicates that counsel determined there was a sound basis for amending the initial

motion but failed to file the amended motion timely.” Moore, 458 S.W.3d at 825.

If PCR counsel was privately retained, the motion court must determine the

merits of the pro se motion. While some overlap appears to exist between the

pro se motion and the amended motion, the motion court considered the pro se

motion abandoned and moot and did not address it on the merits with findings of

fact and conclusions of law. The motion court erred in granting the second

motion for an extension of time to file the amended Rule 29.15 motion and may

have erred in deciding the issues raised in the amended motion. This point is

granted.

 8
 As to the second point, Mr. Ryland contends that the motion court erred in

overruling his pro se motion to the extent that it raised an issue adjudicated

during the evidentiary hearing and decided against him. He argues this claim on

the merits and contends that the motion court’s conclusion that trial counsel was

effective regarding this matter is preserved for appellate review and requires

reversal and an order for a new trial.

 Mr. Ryland claimed in the pro se motion that trial counsel was ineffective

for failing to hire a “medical expert” who would have examined the evidence and

pointed out injuries to the jury that occur in the driving position. The amended

motion framed the issue as a failure “to investigate and introduce exculpatory

evidence of injuries sustained by Brandon Harris, specifically air bag abrasions

that could only have been caused by the steering wheel airbag.” The amended

motion elaborated that trial counsel did not have the photographs for Mr. Harris’s

injuries examined by an expert and discussed the findings of Dr. Michael

Freeman, “a forensic epidemiologist with substantial training and experience in

accident biomechanics and injury pattern analysis.”

 During the Rule 29.15 evidentiary hearing, Mr. Ryland introduced the

deposition testimony and forensic report generated by Dr. Freeman, who opined

that a photograph of an abrasion on Mr. Harris’s arm was consistent with an air-

bag injury. Trial counsel was questioned about the expert with whom he had

consulted in preparation for trial—a professional engineer in automotive

mechanics—in addition to the treating/attending physicians and nurses, to try to

 9
determine the respective positions of the individuals in the Suburban based on

the injuries sustained. We do not believe that the “forensic epidemiologist”

contemplated in the amended motion and whose findings were litigated during

the post-conviction relief evidentiary hearing is the same as the “medical expert”

cited in the pro se motion, so we are not convinced that the motion court

considered this aspect of the pro se motion. 7 Because we have concluded that

the case must be remanded to the motion court to determine whether PCR counsel

was court-appointed and whether the motion court must address the pro se Rule

29.15 motion rather than the amended motion, we do not consider this point

further.

 Conclusion

 The motion court erred in granting the second motion for an extension of

time to file an amended Rule 29.15 motion under the version of the rule in effect

when Mr. Ryland filed the pro se motion for post-conviction relief. We reverse

and remand for further proceedings consistent with this opinion.

 /s/ Thomas H. Newton
 Thomas H. Newton, Judge

Alok Ahuja, P.J. and Thomas N. Chapman, J. concur.

7
 The motion court found that trial counsel, as part of his trial strategy, had investigated the issue of
who had been driving the Suburban, had consulted with an expert that others in the office had
recommended as well as medical personnel, and was not ine ffective for not consulting with an
additional expert, such as Dr. Freeman, after counsel was told it would not be possible to determine,
based on injuries or accident reconstruction, who had been driving the vehicle. The motion court also
addressed parts of Dr. Freeman’s educational background, noting that he was not a licensed medical
doctor.

 10