In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

WILLIAM DONNELL EDWARDS, ) No. ED108864
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
vs. )
 ) Honorable Michael F. Stelzer
STATE OF MISSOURI, )
 )
 Respondent. ) FILED: June 8, 2021

 Introduction

 William Donnell Edwards (“Edwards”) appeals from the judgment of the motion court

denying his amended Rule 29.151 motion following an evidentiary hearing. Edwards raises five

points on appeal. Points One through Four argue the motion court clearly erred in denying his

various claims alleging ineffective assistance of counsel. Point Five contends that the motion

court clearly erred in failing to conduct a required abandonment inquiry and enter a finding on

the issue of abandonment, because motion counsel untimely filed the amended motion. Because

the motion court either did not conduct an abandonment inquiry or did not create a record of its

abandonment inquiry that is susceptible to appellate review, we are required to reverse and

remand. Therefore, Point Five is dispositive of the appeal. Accordingly, we reverse and remand

1
 All Rule references are to Mo. R. Crim. P. (2017).
to the motion court to conduct an abandonment inquiry and subsequent proceedings consistent

with this opinion.

 Factual and Procedural History

 Edwards was convicted on two counts of assault in the second-degree, two counts of

armed criminal action, one count of resisting arrest in such a manner as to create a substantial

risk of serious injury or death to any person, and one count of driving while his license was

revoked. Each of the charges stemmed from a police chase that began when Edwards attempted

to avoid a DUI checkpoint. Edwards directly appealed his convictions and sentences, and we

affirmed the trial court’s judgment. State v. Edwards, 510 S.W.3d 374 (Mo. App. E.D. 2017).

 On March 18, 2016, before the conclusion of his direct appeal, Edwards filed his pro se

Rule 29.15 motion for post-conviction relief. On March 31, 2016, motion counsel entered his

appearance and requested an additional thirty days to file an amended motion. Motion counsel

also moved to hold the Rule 29.15 motion in abeyance pending conclusion of the direct appeal.

On March 3, 2017, we issued our mandate in Edwards, 510 S.W.3d 374. On June 1, 2017,

motion counsel filed an amended Rule 29.15 motion and request for an evidentiary hearing. The

record does not indicate that the motion court ever ruled upon motion counsel’s request for an

additional thirty days to file the amended motion. Motion counsel moved for consideration of

the untimely filed amended motion pursuant to Sanders v. State, 807 S.W.2d 493 (Mo. banc

1991), but the motion court never ruled upon the motion.

 On July 30, 2019, the motion court granted Edwards’s request for an evidentiary hearing

as to one of his claims in the amended motion. Edwards testified in a telephone deposition and

an evidentiary hearing was subsequently held. On April 20, 2020, the motion court denied the

amended Rule 29.15 motion without conducting any recorded abandonment inquiry. The

 2
judgment noted that the motion for an additional thirty days to file the amended motion had not

been granted and that the amended motion was untimely. Edwards now appeals.

 Points on Appeal

 In Points One through Four, Edwards argues the motion court clearly erred in denying his

amended Rule 29.15 motion for post-conviction relief alleging ineffective assistance of counsel

on various grounds. In Point Five, Edwards contends the motion court clearly erred in failing to

conduct a required abandonment inquiry and enter a finding on the issue in light of the untimely

filed amended motion.

 Discussion

 We need only address Point Five of Edwards’s appeal, in which he alleges that the

amended motion was untimely filed, that the motion court was required to conduct an

abandonment inquiry as a result, and that the motion court did not do so. The State concedes that

Point Five should be granted and that remand for the purpose of conducting an abandonment

inquiry is the appropriate disposition of this case. We agree.

 When a defendant has appealed his conviction, the amended motion for post-conviction

relief shall be filed “within [sixty] days of the earlier of the date both the mandate of the

appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by

any counsel that is not appointed but enters an appearance on behalf of movant.” Brown v. State,

602 S.W.3d 846, 849 (Mo. App. E.D. 2020) (emphasis added) (quoting Rule 29.15(g)). The

motion court may grant a thirty-day extension to the filing deadline. Rule 29.15(g). The filing

deadline cannot be waived. Brown, 602 S.W.3d at 849 (internal citation omitted). If motion

counsel fails to file a timely amended motion or an explanation for why no such motion is

needed, motion counsel is presumed to have abandoned the movant. Id. (citing Watson v. State,

536 S.W.3d 716, 718 (Mo. banc 2018)).

 3
 “When an amended motion is untimely, the motion court is required to conduct an

independent inquiry to determine whether abandonment occurred before considering the claims

and evidence presented in the amended motion.” Id. at 850 (emphasis added) (citing Moore v.

State, 458 S.W.3d 822, 825 (Mo. banc 2015)) (additional citation omitted). “Although the

method of making this inquiry is left to the motion court's discretion, the court must, in any

event, make a sufficient record to demonstrate on appeal that its determination on the

abandonment issue is not clearly erroneous.” Id. (internal citation omitted). “Upon review of the

record, if we determine there has been no independent inquiry into abandonment or no record for

us to review such inquiry, then we must reverse and remand for the motion court to conduct

this inquiry.” Id. (emphasis added) (internal citation omitted); see also Johnson v. State, 613

S.W.3d 512, 515 (Mo. App. E.D. 2020) (internal citation omitted) (providing the motion court,

not the appellate court, is the proper forum for the abandonment inquiry).

 Here, we issued our mandate from Edwards’s direct appeal on March 3, 2017. Motion

counsel had sixty days from that date to timely file an amended motion. See Rule 29.15(g);

Brown, 602 S.W.3d at 849. However, motion counsel did not file an amended motion until June

1, 2017, more than sixty days later. We recognize that motion counsel timely requested a thirty-

day extension and filed the amended motion for post-conviction relief within ninety days from

the issuance of the mandate. However, the motion court had not granted the requested extension.

As such, the amended motion was untimely filed, raising a presumption of abandonment by

motion counsel. See Brown, 602 S.W.3d at 849.

 The means by which the situation before us is to be resolved has been addressed

repeatedly in recent years. The Supreme Court of Missouri has unequivocally directed that a

motion court must conduct an inquiry into abandonment before ruling on the amended motion.

 4
See, e.g., Moore, 458 S.W.3d at 826. Upon review of the record, we find either that there was no

independent inquiry into abandonment or, at the very least, no record of such inquiry that is

susceptible to our review. See Brown, 602 S.W.3d at 850. Accordingly, we must reverse and

remand for the motion court to conduct such an inquiry into abandonment. See id. If the motion

court determines that Edwards was abandoned, it should permit the untimely filing and consider

the claims in the amended motion. See id. at 851. If the motion court determines that Edwards

was not abandoned, it should not permit the untimely filing and instead limit its review to the

post-conviction claims raised in Edwards’s initial pro-se motion. See id. Point Five is granted

and is dispositive of all other points on appeal.

 Conclusion

 For the foregoing reasons, the motion court’s judgment is reversed and the case is

remanded to the motion court to conduct an independent inquiry into whether Edwards was

abandoned by counsel and for further proceedings consistent with the outcome of the motion

court’s inquiry.

 _______________________________
 KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

 5