

# Missouri Court of Appeals
## Southern District
### Division Two

JOSEPH A. SMILEY, )
)
        Appellant, )
)
    vs. )  No. SD37012
)
STATE OF MISSOURI, )  FILED: January 5, 2022
)
        Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

**<u>REVERSED AND REMANDED WITH DIRECTIONS</u>**

Joseph A. Smiley ("Movant") appeals the motion court's judgment denying his Rule 29.15 amended motion for post-conviction relief ("PCR").[1]  Because Movant's amended motion was not timely filed and the motion court did not conduct an independent abandonment inquiry, we reverse the motion court's judgment and remand the case to the motion court to conduct such an inquiry and then to proceed accordingly.

Movant's convictions in the underlying criminal case were affirmed by this Court on direct appeal and mandate issued on July 14, 2016.  Movant timely filed a *pro se* PCR motion on August 15, 2016.

---

[1] All rule references are to Missouri Court Rules (2016).

1

Two days later, on August 17, 2016, the motion court appointed the State Public Defender to represent Movant, which triggered the commencement of the Rule 29.15(g) sixty-day period for filing an amended motion. *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014). Thus, any amended motion was initially due to be filed by October 17, 2016.[2]

Also, on August 17, 2016, on its own motion, the motion court granted "an additional 60 days for filing of an Amended Motion." At that time, however, the motion court was only authorized to extend the time for filing an amended motion "for one additional period not to exceed thirty days." Rule 29.15(g). The motion court had no authority to extend the time limit for filing an amended motion beyond the initial 30-day extension. *Stanley*, 420 S.W.3d at 541. As so limited, the motion court's order extended the filing deadline for an amended motion for only an additional thirty days. Thus, any amended motion was due to be filed no later than November 16, 2016.

Appointed counsel untimely filed Movant's amended PCR motion on January 23, 2017. When an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry to determine if abandonment occurred. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). That was not done here, which requires us to "remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826. "The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." *Id.*

The motion court's judgment is reversed and the case is remanded to the motion court to conduct an independent abandonment inquiry and for further proceedings consistent with the outcome of that inquiry.

---

[2] The 60th day fell on Sunday, October 16, 2016, which by Rule 44.01(a) extended the period until October 17, 2016.

GARY W. LYNCH, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS