

# In the
# Missouri Court of Appeals
## Western District

**MARK C. BRANDOLESE,**
        **Appellant,**

                                       **WD85169**
                             **OPINION FILED:**
                               **May 2, 2023**

**v.**

**STATE OF MISSOURI,**
        **Respondent.**

**Appeal from the Circuit Court of Pettis County, Missouri**
The Honorable Robert Lawrence Koffman, Judge

Before Division Four:  Gary D. Witt, Chief Judge, Presiding, Mark D. Pfeiffer, Judge,
and Mason R. Gebhardt, Special Judge

Mark C. Brandolese ("Brandolese") appeals the judgment of the Circuit Court of

Pettis County, Missouri ("motion court"), denying, after an evidentiary hearing, his motion

for post-conviction relief pursuant to Rule 29.15.[1]  Because there is no evidence that the

---

[1] The motion court's judgment indicates it is ruling on Brandolese's Rule 29.15 motion, but fails to distinguish between the *pro se* motion and the amended motion filed by counsel.  It is apparent that the judgment is ruling on the amended motion filed on Brandolese's behalf by appointed counsel, in that the judgment does not address all of the claims raised in Brandolese's timely filed *pro se* motion

motion court made any determinations as to appointed counsel's possible abandonment of Brandolese, we remand to the motion court for its determination as to whether appointed counsel abandoned Brandolese by failing to timely file an amended motion on his behalf.

## Factual and Procedural Background

Brandolese was convicted as a persistent felony offender with one count of second-degree domestic assault and one count of armed criminal action. The facts of his underlying case are not relevant to this appeal. The Missouri Supreme Court affirmed Brandolese's convictions, *State v. Brandolese*, 601 S.W.3d 519 (Mo. banc 2020), and its mandate was issued on July 16, 2020. On August 5, 2020, Brandolese filed a timely motion for post-conviction relief pursuant to Rule 29.15. On August 31, the court appointed the public defender's office to represent Brandolese. On October 20, 2020, Brandolese's appointed counsel moved for an extension of time to file the amended motion. There is nothing in the record to indicate that the motion court ever ruled on the motion for extension of time. On November 20, 2020, Brandolese's appointed counsel filed an amended motion with claims somewhat different from those in Brandolese's *pro se* motion and did not include all of the claims in the *pro se* motion. On January 4, 2022, the motion court held a hearing on Brandolese's Rule 29.15 motion; the evidence presented related solely to the amended motion. On January 6, 2022, the motion court issued a judgment denying the claims presented on their merits. The judgment does not address the timeliness of Brandolese's amended motion, nor does it address any possible abandonment by post-conviction counsel. The judgment does not address Brandolese's *pro se* claims that were not also raised in the amended motion. This appeal follows.

2

## Discussion

Brandolese's appeal addresses the merits of his amended motion for post-conviction relief. However, this Court must address the timeliness of Brandolese's amended motion. Rule 29.15(b), as in effect at the time of the Supreme Court's mandate on its consideration of Brandolese's direct appeal, required that the *pro se* motion be filed within ninety days of the Supreme Court's mandate. Thus, Brandolese's *pro se* motion was timely. Rule 29.15(g) as effective at the time Brandolese's post-conviction counsel was appointed on August 31, 2020, required the amended motion to be filed within sixty days of counsel's appointment; the Rule allowed the court to grant up to sixty days of extensions, with no single extension exceeding thirty days for the filing of the amended motion. On October 20, 2020, appointed counsel filed a timely motion for a thirty-day extension. The record is devoid of any ruling on the motion for an extension by the motion court. "Although motions for extensions of time are routine and commonly granted, this Court may not presume that the motion court would have or intended to grant the motion." *Carter v. State*, 540 S.W.3d 506, 509 (Mo. App. W.D. 2018). Accordingly, the amended motion filed on November 29, 2020, was untimely. *See Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). "The filing deadlines for post-conviction relief cannot be waived." *Brown v. State*, 602 S.W.3d 846, 849 (Mo. App. E.D. 2020) (quoting *Barber v. State*, 569 S.W.3d 556, 559 (Mo. App. E.D. 2019)).

"[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the

3

movant." *Moore*, 458 S.W.3d at 825. "Abandonment by appointed counsel extend[s] the time limitations for filing an amended 29.15 motion." *Id.* (internal quotation omitted). "Counsel's failure to file either a[ timely] amended motion or a statement explaining why an amended motion is not necessary raises a presumption of abandonment by appointed counsel." *Brown*, 602 S.W.3d at 849. "When an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry. . .' to determine if abandonment occurred." *Moore*, 458 S.W.3d at 825. If the motion court finds that the movant has been abandoned, the court should consider the untimely amended motion; if the movant has not been abandoned, the motion court should only consider the timely *pro se* motion. *See Moore*, 458 S.W.3d at 826; *Brown*, 602 S.W.3d at 851. Under these facts, we must remand for the motion court to conduct an abandonment inquiry. *Brown*, 602 S.W.3d at 851.

## Conclusion

We reverse the judgment of the motion court and remand for the motion court to make an independent inquiry into whether Brandolese was abandoned by appointed post-conviction counsel, and for further proceedings consistent with the motion court's determination of the abandonment issue.

_____
Gary D. Witt, Judge

All concur

4