

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| MICHAEL L. SMITH, | ) | No. ED111874 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2022-CC10264 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Timothy J. Boyer |
| | ) | |
| Respondent. | ) | Filed: September 10, 2024 |

### Introduction

Appellant Michael Smith appeals the motion court's judgment denying his amended Rule 29.15 motion for post-conviction relief following an evidentiary hearing. On appeal, Appellant claims the motion court erred in denying his motion and argues two ineffective assistance of counsel claims. Because a presumption of abandonment was raised by the untimely filing of Appellant's amended post-conviction motion and no abandonment inquiry was made, we must reverse and remand for this necessary inquiry without addressing Appellant's points on appeal.

### Factual and Procedural Background

Following a jury trial, Appellant was convicted of one count of first-degree assault of a law enforcement officer, one count of unlawful possession of a firearm, one count of unlawful use of a weapon, and two counts of armed criminal action stemming from the shooting of a police vehicle on November 27, 2018. Appellant was sentenced on October 13, 2020 to a total of 20 years'

imprisonment. Appellant's convictions were affirmed by this Court in *State v. Smith*, 634 S.W.3d 714 (Mo. App. E.D. 2021).

Appellant prematurely filed his *pro se* Rule 29.15 motion on November 3, 2020, while his direct appeal was still pending. On April 21, 2021, the motion court appointed post-conviction counsel and granted Appellant sixty days from the date of this Court's mandate on his direct appeal pursuant to Rule 29.15 to file an amended motion. This Court issued its mandate affirming Appellant's convictions on December 9, 2021. On December 10, 2021, post-conviction counsel filed a motion requesting an additional thirty days to file the amended motion; however, the motion court never ruled on the motion. Post-conviction counsel subsequently filed an amended motion on April 8, 2022. The motion court held an evidentiary hearing on December 19, 2022 and February 24, 2023. On May 25, 2023, the motion court entered its findings of fact and conclusions of law denying Appellant's amended Rule 29.15 motion. This appeal follows.

**Discussion**

Appellant asserts two points on appeal alleging that the motion court erred in denying his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective for failing to call a favorable witness and failing to object to the State's improper argument during closing. However, the State contends that the amended motion was not timely filed, and this issue must be resolved before reaching the merits on appeal. *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021); *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015)

"The filing deadlines for post-conviction relief motions are mandatory and cannot be waived." *Saddler v. State*, 686 S.W.3d 720, 723 (Mo. App. E.D. 2024) (quoting *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018)). When post-conviction counsel is appointed, an amended motion seeking post-conviction relief filed beyond the deadline can constitute "abandonment" of

the movant. *Harley v. State*, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021) (citing *Moore*, 458 S.W.3d at 825). "If an amended motion seeking post-conviction relief is untimely, the motion court is required to conduct an independent inquiry into the reason for the untimely filing to determine whether post-conviction counsel abandoned the movant, which must be done before considering the merits of the amended motion and the evidence in support." *Id*. (citing *Moore*, 458 S.W.3d at 825). The outcome of this inquiry dictates which claims are reviewed by the motion court. *Id*. at 918 (citing *Moore*, 458 S.W.3d at 826).

"Abandonment arises when the conduct of appointed postconviction counsel is 'tantamount to a total default in carrying out the obligations imposed upon appointed counsel under the rules.'" *Jones v. State*, 643 S.W.3d 918, 920–21 (Mo. App. E.D. 2022) (quoting *Bain v. State*, 407 S.W.3d 144, 147 (Mo. App. W.D. 2013)). "If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." *Moore*, 458 S.W.3d at 826. But "[i]f the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Harley*, 633 S.W.3d at 917 (quoting *Moore*, 458 S.W.3d at 825). "The motion court must also make a sufficient record of the abandonment inquiry." *Id*. "Upon review of the record, if this Court determines there has been no independent inquiry into abandonment, then we must reverse and remand for the circuit court to conduct the inquiry." *Id*. (quoting *Brown v. State*, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020)).

The timeliness of Appellant's amended motion rests entirely on which version of Rule 29.15 applied to his motions. Notably, Rule 29.15 was amended on November 4, 2021, to extend the filing time from 60 days to 120 days. However, while the amendment went into effect prior to this Court's issuance of its mandate on Appellant's direct appeal in December 2021, Appellant's

Rule 29.15 motions are nevertheless governed by the version in effect at the time of his sentencing in October 2020. *See Wright v. State*, 634 S.W.3d 698, 702 (Mo. App. W.D. 2021); Rule 29.15(m). Accordingly, Rule 29.15(g) (2020) provides:

> …an amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Thus, following this Court's mandate of December 9, 2021, the amended motion was due by February 7, 2022. Post-conviction counsel filed a motion for an additional 30-day extension, which was never ruled on and the deadline for filing was never extended. Therefore, the filing of the amended motion on April 8, 2022 was untimely and an abandonment inquiry was required.

The record before us is devoid of any suggestion that such an inquiry took place, nor does the record support the application of any exception that would allow this Court to proceed on the merits.[1] As such, we must reverse and remand to the motion court to conduct an abandonment inquiry.

## Conclusion

The decision is reversed and remanded to the motion court for an inquiry into whether Appellant was abandoned by his appointed post-conviction counsel and for further proceedings consistent with the outcome of the motion court's inquiry and this opinion.

---

[1] There are two exceptions that make remand unnecessary. First, the *Childers* exception allows appellate courts to proceed without remanding when all of the claims in a movant's *pro se* motion have been incorporated into and adjudicated along with the claims in the amended motion. *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). The second is when post-conviction counsel files an affidavit or other sworn statement asserting that the late filing of the amended motion was not the movant's fault but was the result of counsel's late receipt of the notice of appointment and counsel's heavy caseload. *Gale v. State*, 508 S.W.3d 128, 130 (Mo. App. S.D. 2016).

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

5